FILED & ENTERED

APR 03 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Arkland Investment LLC<br><br>Debtor. | Case No.: 2:12-bk-14433-RK<br><br>Chapter 7<br><br>ORDER DENYING MOTION OF UNIVERSAL BANK FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. SEC. 503(b) WITHOUT PREJUDICE<br><br>Date:  April 4, 2017<br>Time:  2:30 p.m.<br>Courtroom:   1675 |

  Pending before the court is the motion of Universal Bank for allowance and payment of administrative claim pursuant to 11 U.S.C. Sec. 503(b), Electronic Case Filing No. ("ECF") 157, filed on March 8, 2017.  The motion seeks payment of attorneys' fees of $463,425.00 and costs of $12,105.06 awarded by the Superior Court of California for the County of Los Angeles in a state court action to Universal Bank against Heide Kurtz, Chapter 7 trustee in this bankruptcy case.  The motion was noticed for hearing on April 4, 2017 at 2:30 p.m.  Notice of Motion, ECF 158, filed on March 8,

-1-

2017.  Heide Kurtz, the Chapter 7 trustee, filed an opposition to the motion on the merits, ECF 161, on March 21, 2017. Anthony Rothman, of the Rothman Law Offices, represents Universal Bank, and Timothy J. Yoo and Carmela T. Pagay, of the law firm of Levene, Neale, Bender, Yoo & Brill, L.L.P., represent Heide Kurtz, the Chapter 7 trustee.

Because the court finds that the motion is procedurally defective due to insufficient notice and service of process, pursuant to Local Bankruptcy Rule 9013-1(j)(3), the court dispenses with oral argument as unnecessary, vacates the hearing on the motion on April 4, 2017, takes the motion under submission, rules on the motion on procedural grounds on the papers without reaching the merits and denies the motion without prejudice.

Notice of the motion and service of process are insufficient because not all creditors were served with the notice of motion and the motion itself and the address for the court on the moving papers lists an incorrect address.  First, the court notes that the bank filed the motion and the notice of motion as separate documents, ECF 157 and 158, rather than together, and there is no proof of service for the motion itself as no proof of service was attached to the motion as a separate document as required by Local Bankruptcy Rule 9013-1(e).  Second, the caption on the motion as well as on the accompanying counsel declaration in support of the motion and the reply to the opposition listed an incorrect address for the court as "Courtroom 1675, 221 N. Figueroa Street, Los Angeles CA  90012," which is a long superseded address for the court not in use for some 20 years.  Third, while the caption of the notice of motion listed the correct address of the court in the caption as "Courtroom: 1675, Place: 255 E. Temple Street, L.A. CA  90012, United States Bankruptcy Court," according to the proof

of service of the notice of motion, notice was only given to the Chapter 7 Trustee, the United States Trustee and counsel for debtor by electronic service at their email addresses. No other parties were listed on the proof of service of the notice of motion as having been served, including the debtor separately and any creditors as indicated on the mailing matrix for the case listing 53 mailable recipients or the claims register listing 17 claimants. Because unsecured creditors may be affected by an order granting the motion seeking relief in the form of an immediate payment of a claimed administrative expense, such motion may only be granted after "notice and hearing" pursuant to 11 U.S.C. §§ 503(b) and 102(1) and Federal Rules of Bankruptcy Procedure 2002(a)(6), 9013 and 9014 (requiring that all creditors be served with notice of "a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000"). *See also,* 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶¶ 17:711 – 17:716 at 17-90 (2016). "Motions requesting allowance and payment of administrative claims can be granted only after notice and hearing---i.e., parties in interest must receive notice *and an opportunity to object* and request a hearing." 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 17:716 at 17-90. Given the large amount of the administrative expense claim, well above the Federal Rule of Bankruptcy Procedure 2002(a)(6) threshold of $1,000, the granting of the motion in full would substantially deplete the assets of the estate, and thus, the court determines that notice to all creditors and the debtor separately under Local Bankruptcy Rule 9013-1(d)(1) and so directs pursuant to Federal Rule of Bankruptcy Procedure 9013. Fourth, the notice of motion form indicates that a copy of the motion was attached to the notice of motion, but on the filed notice of motion, no copy of the motion was attached as represented in the notice of motion form.

Accordingly, the court denies the motion without prejudice for insufficient notice and service of process and directs that notice of any renewed motion be served upon all creditors, debtor and its counsel separately, the Chapter 7 trustee and the United States Trustee. The hearing on the motion set for April 4, 2017 at 2:30 p.m. is vacated and taken off calendar, and no appearances are required on April 4, 2017.

IT IS SO ORDERED.

Date: April 3, 2017

_____
Robert Kwan
United States Bankruptcy Judge