1   RYAN D. LAPIDUS (Bar No. 196838)
    Email: ryan@lapiduslaw.com
2   DANIEL C. LAPIDUS (Bar No. 227170)
    Email: dan@lapiduslaw.com
3   JIM D. BAUCH (Bar No. 199454)
    Email: jim@lapiduslaw.com
4   LAPIDUS & LAPIDUS
    A PROFESSIONAL LAW CORPORATION
5   177 SOUTH BEVERLY DRIVE
    BEVERLY HILLS, CALIFORNIA 90212
6   TEL: 310-550-8700
    FAX: 310-943-2471
7
    Attorneys for Alleged Judgment Debtor
8   Park & Velayos LLP

9

FILED

SEP 19 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  HEIDI KURTZ, the duly appointed and      CASE NO.:
    acting Chapter 7 Trustee of the estate of
14  Arkland Investment, LLC, a Nevada        **NOTICE OF REMOVAL OF
    limited liability company,               ACTION UNDER 28 U.S.C. 1452
15                                           (BANKRUPTCY)**
16
                    Plaintiff,
17
           vs.
18
19  SIXTH AND VIRGIL, LLC et al.,
20                  Defendants.
21

22

23

24      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25      PLEASE TAKE NOTICE THAT alleged judgment debtor Park & Velayos,

26  LLP ("P&V") hereby removes to this Court the state court action described below.
27

28

1        1.    On November 30, 2010, an action was commenced in the Superior

2    Court of the State of California in the Country of Los Angeles, originally entitled

3    *Arkland Investment, LLC v. Sixth and Virgil, LLC, et al.,* Case No. BC450295 (the

4    "State Court Action").

5        2.    On February 7, 2012, an involuntary Chapter 7 petition was filed

6    against Arkland Investment, LLC in this Court, Case No. 2:12-14433-RK.

7        3.    On March 5, 2012, this Court appointed Heidi Kurtz as Chapter 7

8    Trustee of the estate of Arkland Investment, LLC.

9        4.    On December 31, 2012, the Trustee filed an Application to this Court

10   seeking approval to employ special counsel to pursue the estate's claims in the

11   State Court Action (the "Application"). A true and correct copy of the Application

12   is attached as Exhibit A to this Notice.

13       5.    The Application disclosed to the Court that "[a]s the estate currently

14   has no funds available and to encourage Counsel to take on the representation of

15   the estate, Park & Velayos, LLP, Daniel Niemann and Mohammed J. Islam (the

16   'Funding Parties') have agreed to advance payments of fees and expenses based on

17   this rate to Counsel." Application, p. 3.

18       6.    On January 24, 2013, the Trustee filed a Reply to Objections

19   regarding the Application, a true and correct copy of which is attached as Exhibit B

20   to this Notice. That Reply attached as Exhibit 1 the Litigation Funding Agreement

21   pursuant to which the Funding Parties would fund the State Court Action.

22       7.    On March 6, 2013, the Court found that "it appears in the best interest

23   of the estate" that the Trustee employ special counsel, approved the Application.

24   A true and correct copy of the March 6, 2013 Order is attached as Exhibit C to this

25   Notice.

26       8.    The Trustee was substituted in as the plaintiff in the State Court

27   Action. On November 12, 2014, judgment was entered in the State Court Action

28

---

in favor of defendant Universal Bank ("Universal"), and awarding costs and attorneys' fees against the Trustee.

9.      On September 7, 2017, Universal Bank served a Notice of Motion and Motion to Amend Judgment to Add As Judgment Debtors Daniel Niemann, Park & Velayos, LLP and Mohammed Islam (the "Motion"). A true and correct copy of the Motion is attached as Exhibit D to this Notice.

10.      The Motion alleges that the Funding Parties should be added as judgment debtors to the judgment in the State Court Action because "[t]he Trustee was undercapitalized and was controlled by these outside parties, who funded the litigation . . . ." Motion, p. 4.

11.      The Funding Parties' involvement in the State Court Action, including their funding of the litigation, was done in furtherance of the Trustee's duties, and pursuant to the approval of the Bankruptcy Court. The Funding Parties' actions in connection with the State Court Action are therefore entitled to immunity under the principles of *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881); *see Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir. 2009) (where "the bankruptcy court approved a financing arrangement in which the creditors . . . would advance the costs necessary to recover property of the estate. . . . they likewise functioned as the equivalent of court appointed officers" and were entitled to *Barton* immunity; all of debtor's civil claims against creditors and others were related to his bankruptcy proceeding and subject to bankruptcy jurisdiction).

12.      Pursuant to *Barton*, Universal cannot bring any claim against the Funding Parties without the permission of this Bankruptcy Court. Furthermore, Universal's attempt to pursue claims against the Funding Parties without Bankruptcy Court approval arises out of and is related to a bankruptcy proceeding. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1334, and is subject to removal pursuant to 28 U.S.C. § 1452, and Federal Rule of Bankruptcy

Procedure 9027.  Removal under 28 U.S.C. § 1452 is not subject to the "well-pleaded complaint rule," nor does it require unanimity of all defendants.

13.    Universal's Motion, served on September 7, 2017, is the first motion or pleading seeking relief against the Funding Parties in violation of their *Barton* immunity, and accordingly removal is timely.

14.    Pursuant to FRBP 9027(a)(1), P&V states that it consents to entry of final orders or judgment by the bankruptcy court.


DATED: September 19, 2017    LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION


JIM D. BAUCH
Attorneys for Alleged Judgment Debtor
Park & Velayos LLP

# EXHIBIT A

1  TIMOTHY J. YOO (SBN 155531)
   tjy@lnbyb.com
2  CARMELA T. PAGAY (SBN 195603)
   ctp@lnbyb.com
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
4  Los Angeles, CA 90067
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244

6  Attorneys for Heide Kurtz
   Chapter 7 Trustee

7

8                  UNITED STATES BANKRUPTCY COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
                       LOS ANGELES DIVISION
10

11  In re                              Case No. 2:12-bk-14433-TD

12  ARKLAND INVESTMENT, LLC,           Chapter 7

13        Debtor.                      APPLICATION OF CHAPTER 7
                                       TRUSTEE TO EMPLOY A| D |Y LAW
14                                     GROUP, P.C. AS SPECIAL COUNSEL;
                                       DECLARATION IN SUPPORT
15                                     THEREOF

16                                     [No Hearing Required]

17

18  TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY

19  JUDGE:

20        Heide Kurtz, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Arkland

21  Investment, LLC (the "Debtor"), respectfully applies for authority to employ A| D |Y Law

22  Group, P.C. ("Counsel") as special counsel to the estate, and represents as follows:

23
24        1.    On February 7, 2012 , an Involuntary Chapter 7 Petition was filed against the

25  Debtor by Daniel Niemann, David Kim and Francis Y. Park.

26        2.    Pursuant to the Order Granting Motion to Appoint Interim Chapter 7 Trustee

27  entered on February 27, 2012, Heide Kurtz was appointed as the interim Chapter 7 trustee.

28        3.    On May 25, 2012, an Order for Relief was entered in this case.

                                    1

4.   On November 30, 2010, the Debtor filed a complaint against Sixth and Virgil, LLC, among others, in Los Angeles Superior Court, commencing <u>Arkland Investment LLC v. Sixth and Virgil, LLC, et al.</u>, Case No. BC 450295 (the "Action").

5.   The Trustee proposes to employ Counsel, whose address is 1875 Century Park East, Suite 1460, Los Angeles, California 90067, as her special counsel.

6.   The professional resume of A. David Youssefyeh is attached as <u>Exhibit 1</u>. Counsel has significant experience in similar litigation matters. In fact, Counsel is also involved in the following two matters that are tangentially related to the Debtor as follows:

a.   Los Angeles Superior Court Case No. BC419319 – In that case, Counsel is defending Misters Daniel Niemann, Steve Sirang, Jeffery Arnold, and entities controlled and/or owned by them, against allegations by certain members of the Debtor that they were personally defrauded by Misters Daniel Niemann, Steve Sirang, Jeffrey Arnold and multiple other defendants. The parties in that case have conducted extensive discovery and that case is ready for trial. Discovery in that case has not revealed anything that is relevant to the Action. Moreover, no conflict of interest would arise from Counsel's retention as the bankruptcy estate's special counsel as the allegations in that case concern transactions surrounding real property located in Las Vegas, Nevada that occurred years before the transactions that form the basis of the Action, which concerns real property located in Los Angeles, California.

b.   Los Angeles Superior Court Case No. BC460254 – In that case, Counsel is defending Misters Steve Sirang and Jeffery Arnold against a derivative action filed by Chong Yea, a member of the Debtor who obtained his membership interest after the alleged actions he is complaining about regarding certain real property transactions that occurred in Las Vegas, Nevada. The court in that case has already sustained Misters Steve Sirang and Jeffery Arnold's demurrers to the Complaint, and their demurrers against the First Amended Complaint are

2

1    currently fully briefed and pending before that court.  It is Counsel's belief that that case is

2    without merit as not only did Counsel's client not commit any wrongful acts against the Debtor,

3    Mr. Yea was not even a member during the period in time he has alleged that Counsel's clients

4    committed wrongful acts against the Debtor.  Consequently, it is Counsel's belief that Mr. Yea

5    has no standing to pursue the alleged claims and, thus, even assuming *arguendo* that that case

6    proceeds beyond the demurrer stage, it will be disposed of in a summary judgment motion.

7    Finally, there is nothing in Counsel's representation of the bankruptcy estate as special counsel

8    

9    that would conflict with Counsel's defense of Misters Sirang and Arnold as Mr. Yea's

10   Complaint is limited to certain acts that occurred years before, and in a different state, than the

11   transactions which are subject of Counsel's retention as special counsel for the bankruptcy

12   estate.

13   

14        7.       Counsel has agreed to be employed as special counsel and receive compensation

15   on the following basis.  The fee agreement will provide for hourly and contingent fee

16   compensation.

17        The Hourly Fees. The hourly fees will be $200.  As the estate currently has no

18   funds available and to encourage Counsel to take on the representation of the estate, Park &

19   Velayos, LLP, Daniel Niemann and Mohammed J. Islam (the "Funding Parties") have agreed to

20   advance payments of fees and expenses based on this rate to Counsel.  Counsel will seek

21   allowance and payment from the estate based on the stated hourly rate and actual costs.

22   

23   Whatever amount awarded by the Court and paid to Counsel will be turned over to the Funding

24   Parties to reimburse the Funding Parties for the amounts advanced to Counsel.  The Funding

25   Parties are aware that the fees and costs allowed by the Court may be less than the amount

26   sought by Counsel and that the amount turned over by Counsel to the Funding Parties may not

27   fully reimburse them for the advance payments.  Notwithstanding, the Funding Parties agree to

28   

3

1   not seek an administrative claim for the deficiency nor seek reimbursement from Counsel from

2   the contingency fee described below.

3           Contingent Fee. Counsel will receive a contingent fee of 20% of the first

4   $1,000,000 of Net Recovery[1] and 7% of any Net Recovery above $1,000,000.

5           Possible Additional Contingent Fee. To the extent the total advances received by

6
7   Counsel does not cover all of Counsel's hourly fees and costs, *in addition to the contingency*

8   *fee noted above*, Counsel will be entitled to a contingency fee of 15% of Net Recovery above

9   $1,000,000, prorated to the proportion of unpaid fees. For example, if hourly fees at the stated

10  rates and expenses total $150,000, and Counsel has received advance payments of only

11
12  $125,000, the contingent fee would be 15% of Net Recovery above $1,000,000 multiplied by

13  one-sixth ($25,000 unpaid fees is one-sixth of $150,000 total). Assuming a Net Recovery of

14  $3,000,000, Counsel would be compensated $50,000 based on this paragraph alone.

15          8.      Counsel has not received a retainer nor will they receive a lien or interest in

16  property of the Debtor or third parties with respect to the proposed representation of the Trustee.

17          9.      Notwithstanding the compensation agreement stated in paragraph 7, above,

18  Counsel understands and has agreed that compensation for its services shall be such sums as

19  may be allowed by the Court in accordance with law, the parties' compensation agreement, the

20  time spent and services rendered, the results achieved, the difficulties encountered, the

21
22  complexities involved, and other appropriate factors.

23          10.     No agreement or understanding exists for a division of fees between Counsel and

24  any other person or entity other than the agreement with the Funding Parties as described in

25  paragraph 7, above.

26

27  ───────────────

28      [1] "Net Recovery" is the gross amount received (whether by settlement, judgment or
    otherwise) on account of the Action less all awards of hourly fees and reimbursement for out-of-
    pocket costs or disbursements paid by Counsel.

1     11.    Counsel understand the provisions of sections 327, 328, 330, and 331 of the

2  Bankruptcy Code, which require, among other things, court approval of employment and court

3  authorization of all fees and costs that Counsel may seek for their services.

4     12.    There is no agreement for the employment between the Trustee and Counsel

5  other than this Application which provides the terms of employment.

6

7     13.    To the best of the Trustee's knowledge, based upon the attached Declaration,

8  Counsel does not hold or represent any interest adverse to the Debtor or to the estate with

9  respect to the matter on which Counsel is to be employed.

10    14.    As stated above, Counsel is familiar with the law and facts in the Action.  For

11  the foregoing reasons, the Trustee believes that the employment of Counsel as the Trustee's

12  special counsel is in the best interest of the estate.

13    15.    Notice of the Trustee's Application to Employ Special Counsel has been filed

14  and served in accordance with Local Bankruptcy Rule 2014-1(b)(2).

15

16    WHEREFORE, the Trustee prays that she be authorized to employ Counsel as her

17  special counsel, with compensation at the expense of the estate to be in such amount as the

18  Court may hereafter allow in accordance with law.

19  DATED: December ___, 2012

20                                        HEIDE KURTZ, Chapter 7 Trustee

21

22  Presented by:
   LEVENE, NEALE, BENDER, YOO
23  & BRILL L.L.P.

24  By: _____
       TIMOTHY J. YOO
25     CARMELA T. PAGAY
       Attorneys for Heide Kurtz
26     Chapter 7 Trustee

27

28

                                        5

## DECLARATION OF A. DAVID YOUSSEFYEH

I, A. David Youssefyeh, declare as follows:

1.      I am an attorney at law, duly-qualified to practice before all the courts of the State of California and the United States District Court for the Central District of California. I am a shareholder of A|D|Y Law Group, P.C. I have personal knowledge of the facts stated herein, except where stated upon information and belief, and as to such statements, I believe them to be true. I make this Declaration in support of the foregoing application ("Application"). Unless the context indicates otherwise, capitalized terms herein shall have the meanings as defined in the Application.

2.      The Trustee proposes to employ my firm ("Counsel") as her special counsel to assist her with the litigation of <u>Arkland Investment LLC v. Sixth and Virgil, LLC, et al.</u>, Case No. BC 450295 (the "Action"). Counsel has significant experience in similar litigation matters. My resume is attached as <u>Exhibit 1</u> hereto. In fact, Counsel is also involved in the following two matters that are tangentially related to the Debtor as follows:

    a.  Los Angeles Superior Court Case No. BC419319 – In that case, Counsel is defending Misters Daniel Niemann, Steve Sirang, Jeffery Arnold, and entities controlled and/or owned by them, against allegations by certain members of the Debtor that they were personally defrauded by Misters Daniel Niemann, Steve Sirang, Jeffrey Arnold and multiple other defendants. The parties in that case have conducted extensive discovery and that case is ready for trial. Discovery in that case has not revealed anything that is relevant to the Action. Moreover, no conflict of interest would arise from Counsel's retention as the bankruptcy estate's special counsel as the allegations in that case concern transactions surrounding real property located in Las Vegas, Nevada that occurred years before the transactions that form the basis of the Action, which concerns real property located in Los Angeles, California.

b.  Los Angeles Superior Court Case No. BC460254 – In that case, Counsel is

defending Misters Steve Sirang and Jeffery Arnold against a derivative action filed by Chong

Yea, a member of the Debtor who obtained his membership interest after the alleged actions he

is complaining about regarding certain real property transactions that occurred in Las Vegas,

Nevada.  The court in that case has already sustained Misters Steve Sirang and Jeffery Arnold's

demurrers to the Complaint, and their demurrers against the First Amended Complaint are

currently fully briefed and pending before the court.  It is Counsel's belief that that case is

without merit as not only did Counsel's client not commit any wrongful acts against the Debtor,

Mr. Yea was not even a member during the period in time he has alleged that Counsel's clients

committed wrongful acts against the Debtor.  Consequently, Counsel believes that Mr. Yea has

no standing to pursue the alleged claims and, thus, even assuming *arguendo* that that case

proceeds beyond the demurrer stage, it will be disposed of in a summary judgment motion.

Finally, there is nothing in Counsel's representation of the bankruptcy estate as special counsel

that would conflict with Counsel's defense of Misters Sirang and Arnold as Mr. Yea's

Complaint is limited to certain acts that occurred years before, and in a different state, then the

transactions which are subject of Counsel's retention as special counsel for the bankruptcy

estate.

3.    Counsel has agreed to be employed as special counsel and receive compensation

as described in detail in Paragraph 7 of the Application.

4.    Counsel has not received a retainer nor will it receive a lien or interest in property

of the Debtor or third parties with respect to its representation of the Trustee.

5.    Notwithstanding the compensation agreement stated in paragraph 3, above, I

understand and have agreed that compensation for services shall be such sums as may be

allowed by the Court in accordance with law, the parties' compensation agreement, the time

7

1 spent and services rendered, the results achieved, the difficulties encountered, the complexities

2 involved, and other appropriate factors.

3       6.     No agreement or understanding exists for a division of fees between Counsel and

4

5 any other person or entity other than the agreement with the Funding Parties as described in

6 paragraph 3, above.

7       7.     I understand the provisions of sections 327, 328, 330, and 331 of the Bankruptcy

8 Code, which require, among other things, court approval of employment and court authorization

9 of all fees and costs that Counsel may seek for our services.

10       8.     There is no agreement between the Trustee and Counsel regarding employment

11 in this case other than as expressed in this Application.

12       9.     To the best of my knowledge, Counsel does not represent or hold any interest

13

14 adverse to the Debtor or to its estate with respect to the matter on which Counsel is to be

15 employed.

16      I declare under penalty of perjury under the laws of the United States of America that the

17 foregoing is true and correct and that this declaration was executed on December 18, 2012 at

18 Los Angeles, California.

19

20                             A DAVID YOUSSEFYEH

21

22

23

24

25

26

27

28

8

# A. DAVID YOUSSEFYEH, ESQ.

### A|D|Y LAW GROUP, P.C.

A. David Youssefyeh specializes in complex business, tort, real estate, employment and entertainment litigation in state and federal courts. He completed his undergraduate studies in International Finance at the University of Southern California. Mr. Youssefyeh is a graduate of Loyola Law School, where he was a Staff Writer and an Editor of the Entertainment Law Journal.

Mr. Youssefyeh's distinctive background as an attorney and an entrepreneur allows him to draw upon his knowledge and experience from a variety of fields – from on-line ventures (including ">en" and Warner Bros. Online) to distribution companies and real-estate management – to provide his clients with real world solutions to their litigation needs. Ever mindful of the need for quick and efficient resolutions for individual and corporate clients, Mr. Youssefyeh has built his reputation on the ability to assess the sensitive needs of the parties involved and effectively resolve matters through mediation, settlement, or trial, if necessary.

Prior to entering private practice, Mr. Youssefyeh was a Judicial Extern for the Honorable James M. Ideman, U.S. District Court, and clerked for the Federal Deposit Insurance Corporation (FDIC), the U.S. Attorney's Office, and Bet Tzedek Legal Services.

Mr. Youssefyeh is a member of Consumer Attorneys Association of Los Angeles, and is admitted to practice before the State Bar of California, U.S. District Court, Central District of California, U.S. Bankruptcy Court, Central District of California, U.S. District Court for the Northern District of Texas and the U.S. 9th Circuit Court of Appeals.

Mr. Youssefyeh is currently the Chair of the Remedies Section of the Los Angeles County Bar Association and the Secretary of the Mexican American Bar Association - Political Action Committee (MABA-PAC).

# LIZA YOUSSEFYEH, ESQ.

### A|D|Y LAW GROUP, P.C.

Liza Youssefyeh specializes in complex business, tort, real estate, and entertainment litigation in state and federal courts. Her undergraduate work was also at UCLA, where she graduated *Magna Cum Laude* in Near Eastern Studies with a Business Specialization. Mrs. Youssefyeh is a graduate of the UCLA School of Law, where she was a Staff Writer and an Articles Editor for the Entertainment Law Journal. Mrs. Youssefyeh has also completed the Director Training Program at the UCLA Anderson Graduate School of Management.

Mrs. Youssefyeh's practice is primarily focused on business, real estate, and entertainment litigation, where she worked on cases for well known corporations, governmental entities, and entertainment companies/talent. Her prior work experience was at a firm founded by former members of Jones, Day, Reavis & Pogue, where she handled complex litigation matters.

Mrs. Youssefyeh also organized an event for the legal, entertainment and security communities, entitled *"Celebrity Stalking: Risk Management and Legal Strategies."* Speakers at the event included members of Scotland Yard, Congress, the FBI, as well as Sheriff Lee Baca and various TV personalities.

Prior to entering private practice, Mrs. Youssefyeh was a Judicial Extern for the Honorable Geraldine Mund at the U.S. Bankruptcy Court, as well as a law clerk at Bet Tzedek Legal Services, where she was the recipient of the Wiley W. Manuel Pro Bono Award.

Mrs. Youssefyeh is admitted to practice before the State Bar of California, U.S. District Court, Central District of California, and the U.S. 9th Circuit Court of Appeals.

She is also a member of the Attorneys Committee of the American Cancer Society.

**EXHIBIT _1_ PAGE _9_**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (*specify*):
<u>APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY A| D |Y LAW GROUP, P.C. AS SPECIAL COUNSEL;</u>
<u>DECLARATION IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and
manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>December 28, 2012</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- Sara Chenetz    chenetz@blankrome.com, chang@blankrome.com;darling@blankrome.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com
- Sandford Frey    Sfrey@cmkllp.com
- Peter F Jazayeri    jazayeri@blankrome.com
- Stuart I Koenig    Skoenig@cmkllp.com
- David S Kupetz    dkupetz@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
- Heide Kurtz (TR)    trustee@hkurtzco.com, ca45@ecfcbis.com
- Silvio Nardoni    silvionardoni@yahoo.com
- Carmela Pagay    ctp@lnbrb.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;slee@sulmeyerlaw.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) <u>December 28, 2012</u>, I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Debtor</u>
Arkland Investment LLC
c/o Goodstein & Berman LLP
523 W 6th St Ste 1228
Los Angeles, CA 90014

<u>Proposed Special Counsel</u>
A. David Youssefyeh
A| D |Y Law Group, P.C.
1875 Century Park East, #1460
Los Angeles, CA 90067

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 28, 2012  Carmela T. Pagay | /s/ Carmela T. Pagay |
|---|---|
| Date                    Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT B

1 | TIMOTHY J. YOO (SBN 155531)
  | tjy@lnbyb.com
2 | CARMELA T. PAGAY (SBN 195603)
  | ctp@lnbyb.com
3 | LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
  | 10250 Constellation Boulevard, Suite 1700
4 | Los Angeles, CA 90067
  | Telephone: (310) 229-1234
5 | Facsimile: (310) 229-1244

6 | Attorneys for Heide Kurtz
  | Chapter 7 Trustee

7 |

8 |              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
9 |                 LOS ANGELES DIVISION

10 |

11 | In re                          Case No. 2:12-bk-14433-TD

12 | ARKLAND INVESTMENT, LLC,        Chapter 7

13 |        Debtor.                  **REPLY TO OBJECTIONS OF SIXTH
                                    AND VIRGIL, LLC AND STUART**
14 |                                **WHANG TO CHAPTER 7 TRUSTEE'S
                                    APPLICATION TO EMPLOY A| D |Y**
15 |                                **LAW GROUP, P.C. AS SPECIAL
                                    COUNSEL; DECLARATION IN**
16 |                                **SUPPORT THEREOF**

17 |                                Date:  January 31, 2013
                                   Time:  10:00 a.m.
18 |                                Place: Courtroom 1345
                                          Roybal Federal Building
19 |                                        255 E. Temple Street
                                          Los Angeles, CA 90012
20 |

21 |

22 | **TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY**

23 | **JUDGE, SIXTH AND VIRGIL, LLC, STUART WHANG, AND THEIR RESPECTIVE**

24 | **COUNSEL:**

25 |        Heide Kurtz, the Chapter 7 Trustee (the "Trustee") for the estate of Arkland Investment,

26 | LLC (the "Debtor"), respectfully submits this reply to the Objections of Sixth and Virgil, LLC

27 | (the "Sixth Objection") and of Stuart Whang (the "Whang Objection") (collectively, the

28 |

                                    1

1 | "Objections") to Chapter 7 Trustee's Application to Employ A| D |Y Law Group, P.C.

2 | ("Counsel") as Special Counsel (the "Application") as follows:

I.

**EMPLOYMENT OF COUNSEL IS APPROPRIATE UNDER 11 U.S.C. 327(a)**

The language of section 327(a) of the Bankruptcy Code is clear. It states as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ <u>one or more</u> attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are <u>disinterested persons</u>, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

The Objections contain identical arguments, and they are each addressed below.

1.    Multiple Counsel

First, the Objections contend that to the extent that Counsel cannot be employed pursuant to 11 U.S.C. § 327(e) because Counsel had not previously represented the Debtor, the Trustee cannot employ counsel under 11 U.S.C. § 327(a) because the Trustee had already employed general counsel in this case. However, section 327(a) specifically provides that the Trustee is authorized to employ "one or more" attorneys in this case provided they satisfy the other criteria provided in the section. Counsel's services for the Trustee will not be overlapping with the services provided by her general counsel. Counsel is being retained to prosecute the action pending before the Los Angeles Superior Court titled Arkland Investment LLC v. Sixth and Virgil, LLC, et al., Case No. BC 450295 (the "State Court Action"), an action with which the Trustee's general counsel is not involved.

2.    Lack of Disclosures

Moreover, the Objections assert that the Application lacks sufficient disclosures, i.e., the reasons for the selection, the professional services to be rendered, the actual fee agreement, and all of Counsel's connections with the Debtor, creditors, any other party in interest, or the United States Attorney's Office. Here, Counsel was selected based on the attorneys' qualifications as

2

1  detailed on Exhibit 1 to the Application. As stated above, Counsel is being retained to prosecute

2  the State Court Action. The actual fee agreement is attached hereto as Exhibit 1. Moreover,

3  Counsel's connections with the Debtor and other parties in interest were disclosed in the

4  Application. The Declaration of A. David Youssefyeh attached hereto further details Counsel's

5  lack of any other connections, which also satisfies the "disinterested" test of 11 U.S.C. § 327(a).

6       3.   <u>Interest Adverse to the Estate</u>

7       The Objections raise Counsel's representation of petitioning creditors (which was

8  disclosed on the Application) as a ground for denying Counsel's employment. However,

9  section 327(c) of the Bankruptcy Code provides as follows:

10
11
12
13
          In a case under chapter 7, 12, or 11 of this title, a person is not
disqualified for employment under this section solely because of
such person's employment by or representation of a creditor,
unless there is objection by another creditor or the United States
trustee, in which case the court shall disapprove such employment
if there is an actual conflict of interest.

14
15  11 U.S.C. § 327(c). Under this provision, absent <u>actual</u> conflict of interest, mere representation

16  of a creditor would not disqualify Counsel from being employed by the Trustee. See also

17  <u>Fondiller v. Robertson (In re Fondiller)</u>, 15 B.R. 890, 892 (Bankr. 9th Cir. 1981). Neither

18  Objection can state any actual conflict of interest, because there does not appear to be any such

19  conflict.

**II.**

**CONCLUSION**

20       Employment of Counsel satisfies the requirements of 11 U.S.C. § 327(a). The Trustee

21  respectfully requests that the Court overrule the Objection and approve the Application.

24  Dated: January 24, 2013       LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

26         By: _____
27            TIMOTHY J. YOO
          CARMELA T. PAGAY
28            Attorneys for Heide Kurtz
          Chapter 7 Trustee

3

### DECLARATION OF A. DAVID YOUSSEFYEH

I, A. David Youssefyeh, declare:

1.      I am an attorney at law, duly-qualified to practice before all the courts of the State of California and the United States District Court for the Central District of California. I am a shareholder of A| D |Y Law Group, P.C. ("Counsel"), proposed special counsel for Heide Kurtz, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Arkland Investments, LLC (the "Debtor" or "Arkland").

2.      I make this Declaration in support of the foregoing Reply to Objections of Sixth and Virgil, LLC and Stuart Whang to Chapter 7 Trustee's Application to Employ A| D |Y Law Group, P.C. as Special Counsel. I have personal knowledge of the matters stated below (except matters stated on information and belief) and if called as a witness I could testify to them as stated herein.

3.      The Trustee proposes to employ my firm solely as her special counsel to assist her with the litigation of <u>Arkland Investment LLC v. Sixth and Virgil, LLC, et al.</u>, Case No. BC 450295 (the "State Court Action") because of Counsel's qualifications and due to the fact that Counsel is familiar with this matter and the parties involved in this matter. Counsel will be handling all of Arkland's interests in the State Court Action by itself without assistance from any other firm, including the Trustee's general counsel.

4.      Counsel is also representing other clients in a state court matter related to the State Court Action that is currently pending in Los Angeles Superior Court (<u>Kim v. Chang, et al.</u> Case No. BC 419319). The plaintiffs in this lawsuit are two members of the Debtor and their mother. Counsel's clients in this matter are as follows:

        a.      Steve Sirang and Jeffery Arnold and entities controlled by Sirang and/or Arnold (Wilshire Capital Holdings, LLC, Concord Wilshire Holdings, LLC, Concord Wilshire Nevada, LLC, Concord Wilshire Development, LLC, Concord Companies, LLC, Concord Wilshire Partners, LLC) – Messers. Sirang and Arnold, and related entities are defendants in this action. The nature of the dispute is based upon pieces of real property that was previously owned by

1    Arkland in Las Vegas, Nevada and Los Angeles, California. None of these

2    parcels concern the parcels involved in the State Court Action. Messers. Sirang

3    and Arnold have also been named in a derivative case, filed on behalf of Arkland

4    by one of its members, that has been consolidated with the Kim v. Chang action.

5    This case arises out of the same parcels of real property as previously mentioned.

6         b.    Daniel J. Niemann, Niemann Properties, Inc. – Mr. Niemann is a creditor

7    of Arkland, and a petitioning creditor in Arkland's involuntary case. It is unclear

8    as to why Mr. Niemann was named as a defendant in the Kim v. Chang matter.

9    Some of the monies owed to Mr. Niemann concern work that he did obtaining

10   development entitlements for Debtor before Sixth and Virgil stole the subject

11   property from Arkland (one of reasons why Sixth and Virgil is a defendant in the

12   State Court Action). I have previously executed a declaration in Arkland's

13   involuntary bankruptcy in support of Mr. Niemann's motion to appoint a trustee.

14        c.    Envision Foods, LLC, and JIB Holdings I, LLC – These two companies

15   are holding companies for fast food franchisees. It is unclear why they have been

16   named as defendants in this matter. At some point in the past, Arkland owned a

17   small part of Envision Foods, but during Debtor's previous bankruptcy filing this

18   percentage was purchased from Arkland through the Court. Counsel did not

19   represent Arkland and/or the purchasing party in that transaction.

20   5.    I believe that Counsel is "disinterested" based upon the fact that Counsel:

21        a.    Is not and was not a creditor, an equity security holder, or an insider of

22   the Debtor;

23        b.    Is not and was not, within 2 years before the date of the filing of the

24   petition, a director, officer, or employee of the Debtor;

25        c.    Does not have an interest materially adverse to the interest of the estate or

26   of any class of creditors or equity security holders, by reason of any direct or indirect

27   relationship to, connection with, or interest in, the Debtor, or for any other reason; and

28

1             d.      Is not a relative or employee of the OUST or a United States Bankruptcy

2 Court judge.

3         6.      Attached hereto as <u>Exhibit 1</u> and incorporated herein by reference is a true and

4 correct copy of the subject fee agreement memorializing the proposed compensation of Counsel

5 in this case.

6         I declare under penalty of perjury under the laws of the United States of America that the

7 foregoing is true and correct to the best of my knowledge.

8         Executed this 24th day of January 2013, at Los Angeles, California.

9

10

11                             A. DAVID YOUSSEFYEH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## LITIGATION FUNDING AGREEMENT

This agreement is entered into effective as of August 1, 2012, by and between the following parties:

A. A|D|Y Law Group, P.C. referred to herein as "Special Counsel"; and

B. Park & Velayos, LLP and Daniel Niemann, and Mohammed J. Islam, collectively referred to as "Funding Parties."

The parties enter into this agreement with respect to the following facts:

A. Arkland Investment LLC ("Arkland") is the Plaintiff in an action in the Superior Court of Los Angeles County entitled, "Arkland Investment, LLC v. Sixth and Virgil, LLC, et al.," case number BC 450295 (the "State Court Action"). In that action, Arkland has asserted certain claims against Sixth and Virgil, LLC, Stuart Whang and Universal Bank.

B. Arkland is presently the debtor in a chapter 7 bankruptcy proceeding pending before the United States Bankruptcy Court for the Central District of California, case number 2:12-bk-14433-TD.

C. Arkland's bankruptcy estate does not contain sufficient liquid assets to fund payment of attorney's fees and costs to prosecute Arkland's claims in the State Court Action on an ongoing basis.

D. The Funding Parties have an interest in the successful prosecution of the State Court Action by Arkland and are willing to provide financial resources to pay all, or a portion, of the attorneys' fees and costs for prosecution of Arkland's claims in the State Court Action, as provided in this agreement.

E. The Funding Parties desire to have Special Counsel prosecute Arkland's claims in the State Court Action.

NOW THEREFORE, with reference the foregoing recitals of fact and in consideration of the mutual promises, conditions and covenants set forth below, the parties agree as follows:

1. The Funding Parties agree to advance funds to Special Counsel based on Special Counsel's hourly rates (as specified herein) and for costs incurred in the prosecution of Arkland's claims in the State Court Action on the terms and conditions stated herein.

2. The rate for services by A|D|Y Law Group, P.C. will be $200 per hour.

3. The Funding Parties agree to advance funds to Special Counsel for out-of-pocket expenses, including parking, travel, reporter's fees, transcript fees, motion fees,

LITIGATION FUNDING AGREEMENT                                                          **Page 1**


EXHIBIT _1_ PAGE _7_

mediator's fees, and any other expense reasonably necessary or appropriate in the prosecution of the State Court Action, in the amount actually expended for such costs. The Funding Parties agree to advance funds to Special Counsel for photocopy expense for "in-house" photocopies at the rate of $.10 per page.

4. Special counsel will submit monthly statements for its services and expenses, to the Funding Parties. Within 15 days after the date of the invoice, Funding Parties will make a non-recourse loan to Special Counsel in the amount of the invoice subject to the provisions of Paragraph 6. Invoices will be sent by e-mail to the addresses specified for notice in this agreement.

5. Special Counsel agrees to provide sufficient detail in the description of its services and expenses so as to comply with all requirements of the Office of the United States Trustee for submission of applications for allowance and payment of professional fees in bankruptcy cases. Funding Parties acknowledge and understand that Arkland's bankruptcy trustee is Special Counsel's client, and Special Counsel may edit or exclude information from the copies of the invoices sent to Funding Parties in order to preserve the attorney-client privilege.

6. 6.       Special Counsel acknowledge and agree that Funding Parties have limited the amount they will advance to Special Counsel to $100,000 ("Funding Limit"), payable in installments as follows:

> September 15, 2012 - $2,500
> October 15, 2012 - $2,500
> November 15, 2012 - $3,000
> December 15, 2012 - $3,000
> January 15, 2013 - $3,000
> February 15, 2013 and each month thereafter - $5,000 per month until the Funding Limit is reached.

7. Payments to Special Counsel shall be made to "A|D|Y Law Group, P.C. Client Trust Account."

8. Mohammed J. Islam's contribution to the Funding Limit shall not exceed $48,000 (forty eight thousand dollars).

9. Special Counsel agrees to submit timely and complete applications for allowance and payment of its fees and expenses at such time as Arkland's bankruptcy estate has sufficient funds allow payment of those fees and expenses.

//

//

//

**LITIGATION FUNDING AGREEMENT**                                                                    **Page 2**


EXHIBIT 1  PAGE 8

10. The Funding Parties agree to accept as reimbursement for all amounts paid to Special Counsel pursuant to this agreement such sums as the Bankruptcy Court may allow in ruling upon the application(s) of Special Counsel for allowance and payment of Special Counsel's hourly fees and expenses. The Funding Parties are aware that the fees and costs allowed by the Court may be less than the amount sought by Counsel and that the amount turned over by Counsel to the Funding Parties may not fully reimburse them for the advance payments. Notwithstanding, the Funding Parties agree to not seek an administrative claim for the deficiency nor seek reimbursement from Counsel from the contingency fee described below.

11. The Funding Parties acknowledge and understand that the engagement agreement between Special Counsel and Arkland's bankruptcy trustee provides for payment of a variable contingent fee based on the total amount of recovery. The Funding Parties agree that they will receive no part of any contingent fee awarded by the Bankruptcy Court and paid to Special Counsel, and that any such fee shall not be used to repay any loan made by Funding Parties to Special Counsel.

12. Any notice required or permitted to be given pursuant to the terms of this agreement may be sent by electronic mail to the parties at the addresses listed below

| Name | Address |
| --- | --- |
| Francis Park | FPark@parkvelayos.com |
| Marcos Velayos | MVelayos@parkvelayos.com |
| Daniel Niemann | DNiemann@niemannproperties.com |
| Mohammed J. Islam | MJIslam@modernparking.com |
| David Youssefyeh | David@adylaw.com |

13. The terms of this agreement are the product of negotiation and the interpretation of its terms shall in no way depend on the identity of the party preparing this document.

14. This agreement shall be construed under California law and any applicable provisions of the Bankruptcy Code.

Intending to be legally bound, the parties have executed this agreement effective as of November 28, 2012.

A|D|Y Law Group, P.C.

By: A. David Youssefyeh, Shareholder
Special Counsel

**LITIGATION FUNDING AGREEMENT**                                    **Page 3**


EXHIBIT __1__ PAGE 9

Park & Velayos, LLP

By: Francis Park                          Mohammed J. Islam


                                          Daniel Niemann


LITIGATION FUNDING AGREEMENT                              Page 4

EXHIBIT __1__ PAGE __10__

Park & Velayos, LLP

_____

By:  Francis Park

_____

Mohammed J. Islam

_____

Daniel Niemann

LITIGATION FUNDING AGREEMENT                                        Page 4

EXHIBIT  I  PAGE  11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (specify): <u>REPLY TO OBJECTIONS OF SIXTH AND VIRGIL,
LLC AND STUART WHANG TO CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY AI DIY LAW GROUP, P.C. AS
SPECIAL COUNSEL; DECLARATION IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in
chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
<u>January 24, 2013</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- ATTORNEY FOR SIXTH & VIRGIL: Sara Chenetz    chenetz@blankrome.com,
  chang@blankrome.com;darling@blankrome.com
- ATTORNEY FOR WHANG: Jay J Chung    jaychung@leeanavchung.com
- ATTORNEY FOR DEBTOR: Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com
- ATTORNEY FOR PETITIONING CREDITOR: Sandford Frey    Sfrey@cmkllp.com
- ATTORNEY FOR SIXTH & VIRGIL: Peter F Jazayeri    jazayeri@blankrome.com
- ATTORNEY FOR PETITIONING CREDITOR: Stuart I Koenig    Skoenig@cmkllp.com
- ATTORNEY FOR INTERESTED PARTY: David S Kupetz    dkupetz@sulmeyerlaw.com,
  jbartlett@sulmeyerlaw.com
- TRUSTEE: Heide Kurtz (TR)    trustee@hkurtzco.com, ca45@ecfcbis.com
- PROPOSED SPECIAL COUNSEL FOR TRUSTEE: Silvio Nardoni    silvionardoni@yahoo.com
- ATTORNEY FOR TRUSTEE: Carmela Pagay    ctp@lnbrb.com
- UNITED STATES TRUSTEE: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- ATTORNEY FOR INTERESTED PARTY: Steven Werth    swerth@sulmeyerlaw.com,
  asokolowski@sulmeyerlaw.com;slee@sulmeyerlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) <u>January 24, 2013</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Debtor</u>
Arkland Investment LLC
c/o Goodstein & Berman LLP
523 W 6th St Ste 1228
Los Angeles, CA 90014

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Proposed Special Counsel
A. David Youssefyeh
A| D |Y Law Group, P.C.
1875 Century Park East, #1460
Los Angeles, CA 90067

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

By Personal Delivery

Court
Hon. Thomas B. Donovan
Roybal Federal Building
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

By Email

- ATTORNEY FOR SIXTH & VIRGIL: Sara Chenetz    chenetz@blankrome.com,
  chang@blankrome.com;darling@blankrome.com
- ATTORNEY FOR WHANG: Jay J Chung    jaychung@leeanavchung.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 24, 2013 | Carmela T. Pagay | /s/ Carmela T. Pagay |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                            **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT C

TIMOTHY J. YOO (SBN 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (SBN 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Heide Kurtz
Chapter 7 Trustee

```
FILED & ENTERED

      MAR 06 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver     DEPUTY CLERK
```

CHANGES MADE BY COURT

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ARKLAND INVESTMENT, LLC,<br><br>　　　　　　Debtor. | Case No. 2:12-bk-14433-TD<br><br>Chapter 7<br><br>**ORDER AUTHORIZING TRUSTEE TO EMPLOY A\| D \|Y LAW GROUP, P.C. AS SPECIAL COUNSEL**<br><br>Date:　February 28, 2013<br>Time:　10:00 a.m.<br>Place:　Courtroom 1345<br>　　　　Roybal Federal Building<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

　　　　The Application to Employ A\| D \|Y Law Group, P.C. as Special Counsel  (the

"Application"), filed by Heide Kurtz, the Chapter 7 Trustee (the "Trustee") for the bankruptcy

estate of Arkland Investment, LLC (the "Debtor"), came on for continued hearing on February 28,

2013, at 10:00 a.m., in the above-entitled Court before the Honorable Thomas B. Donovan,

United States Bankruptcy Judge.  Carmela T. Pagay of Levene, Neale, Bender, Yoo & Brill

L.L.P. appeared on behalf of the Trustee.  Other appearances are as noted on the Court's record.

1

The Court, having considered the Application, the Objections of Stuart Whang and Sixth and Virgil LLC, the Trustee's Reply, and the Trustee's Supplemental Brief in support of the Application, having considered the statements of counsel at the hearing; finding that it appears in the best interest of the estate that the Trustee employ A| D |Y Law Group, P.C. ("Counsel") as her special counsel; finding further that the appropriate notice has been mailed to the Debtor and all interested parties as required under Local Bankruptcy Rule 2014-1(b)(2); and good cause appearing therefore, for the reasons stated on the record,

**IT IS HEREBY ORDERED THAT:**

1.    The Application is approved.

2.    The Trustee is hereby authorized to employ Counsel as special counsel for the purposes set forth in the Application and upon the terms and conditions set forth therein.

###

Date: March 6, 2013

Thomas B. Donovan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER AUTHORIZING TRUSTEE TO EMPLOY BALISOK AND ASSOCIATES, INC. AND SILVIO NARDONI, ATTORNEY AT LAW AS SPECIAL COUNSEL** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

**1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) March 1, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Sara Chenetz    chenetz@blankrome.com, chang@blankrome.com;darling@blankrome.com
- Jay J Chung    jaychung@leeanavchung.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com
- Sandford Frey    Sfrey@cmkllp.com
- Peter F Jazayeri    jazayeri@blankrome.com
- Stuart I Koenig    Skoenig@cmkllp.com
- David S Kupetz    dkupetz@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
- Heide Kurtz (TR)    trustee@hkurtzco.com, ca45@ecfcbis.com
- Silvio Nardoni    silvionardoni@yahoo.com
- Carmela Pagay    ctp@lnbrb.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;slee@sulmeyerlaw.com

☐ Service information continued on attached page

**2.  SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtor
Arkland Investment LLC
523 W 6th St Ste 1228
Los Angeles, CA 90014

☐ Service information continued on attached page

**3.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

**3.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT D**

1  Anthony Rothman, Esq. (# 143546)
   Rothman Law Offices
2  2300 Westwood Boulevard, Suite 105
   Los Angeles, California 90064
3  (424) 273-8842
   (424) 270-0859 (Fax)
4
5  Lawyers for Judgment Creditor Universal Bank

6              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

7                        COUNTY OF LOS ANGELES

8

9  HEIDE  KURTZ, THE DULY APPOINTED          Case No.: BC450295
   AND ACTING CHAPTER 7 TRUSTEE OF THE
10 ESTATE OF ARKLAND INVESTMENT, LLC.,
   a Nevada limited liability company,       **NOTICE OF MOTION AND MOTION
11                                           TO AMEND JUDGMENT TO ADD AS
                Plaintiff,                    JUDGMENT DEBTORS DANIEL
12                                           NIEMANN, PARK & VELAYOS, LLP
        vs.                                   AND MOHAMMED ISLAM;
13                                           DECLARATION IN SUPPORT
   SIXTH AND VIRGIL, LLC., a California       THEREOF**
14 limited liability company; STUART WHANG:
   UNIVERSAL BANK, a Federal Savings Bank
15
16                                           **Date:     October 4, 2017**
                Defendants.                  **Time:     8:30 a.m.**
17                                           **Dept.:    68**

18 ─────────────────────────────────────── *Reservation ID: 170118188798*

19

20        **TO THE COURT AND ALL INTERESTED PARTIES:**

21        **PLEASE TAKE NOTICE** that on October 4, 2017, at 8:30 a.m., in

22 Department 68 of the captioned court, plaintiffs will and hereby do move to

23 amend the judgment entered November 12, 2014 in favor of Universal Bank

24 and for such other relief as is just and proper.  The motion is based on CCP

25 Secs. 187 and 368.5, the Court's inherent powers, and this Notice, the

26 attached Memorandum of Points and Authorities, and such other evidence

27 as the Court may adduce at the hearing.

28
                                    1

Dated: September 1, 2017          ROTHMAN LAW OFFICES

By: _____
          Anthony Rothman, Esq.
          Attorneys for Universal Bank

2

## I.      INTRODUCTION AND FACTUAL BACKGROUND

This action was filed for Arkland Investment, LLC ("Arkland"), and thereafter, Arkland filed for bankruptcy. Heide Kurtz was appointed as the Chapter 7 Trustee in Arkland's bankruptcy case ("Trustee"), and the Trustee agreed to pursue this action in the name of Arkland's estate, but this action was actually spearheaded, funded, and controlled by 3 other parties.

The Trustee and Arkland's estate are and were just like a defunct company, with no funds and no capitalization to pursue an action such as this one. This action was pursued by Daniel Niemann, who is an individual, Park & Velayos, LLP, which is a law firm, and Mohammed J. Islam, who is an individual. These are the 3 "funding parties," who entered into a funding agreement with the Trustee to fund this action. The funding parties chose the attorney, made all the strategic decisions, and funded the fees and costs of this action. This funding agreement assigned these rights to the claims to the funding parties. Plaintiff's attorney, A. David Youssefyeh,[1] did not keep any information privileged or confidential from the funding parties; Mr. Youssefyeh shared everything with the funding parties. He took direction from the funding parties, not from the Trustee. After the funding parties' actions led to the judgment in favor of defendant Universal Bank, the funding parties defaulted on the fees and costs due to Youssefyeh, and he filed a lawsuit in Superior Court for collection of fees and costs from them. Youssefyeh ultimately settled and received payment from the funding parties. He did not look to the Trustee or the Chapter 7 bankruptcy estate for payment, but instead, he only looked the funding parties for payment.

---

[1] Youssefyeh provides legal services through A|D|Y Law Group, P.C.

3

1  The Trustee was undercapitalized and was controlled by these
2  outside parties, who funded the litigation, and therefore, there are
3  unequivocal grounds for amending the judgment in this case, based on law
4  and equity, to add these funding parties as judgment debtors to the
5  judgment.  The motion should be granted on this basis for the reasons
6  discussed in detail below.

7

8  **II.    FACTS.**
9  This motion is based on a November 12, 2014 (attached as Exhibit A)
10  judgment in favor of Universal Bank in the amount of $463,425.00 in fees
11  and $12,105.06 in costs.  The judgment was against the Plaintiff, Heide
12  Kurtz, The Duly appointed and Acting Chapter 7 Trustee of the Estate of
13  Arkland Investments, LLC.
14  The Trustee became the Plaintiff after The Trustee was appointed
15  March 5, 2012, and the Order for relief was entered May 25, 2012.  (Exhibit
16  B is notice of appointment)
17  The Trustee was solicited by creditors Daniel Nieman and Frances
18  Park (principal of Park & Velayos, LLP) and another party, Mohammed
19  Islam.  Mr. Islam is not a creditor, but operates the parking facility next to
20  the property that was the primary asset of Arkland Investments, LLC.
21  These "funding parties" interviewed and decided to employ A. David
22  Yousefyeh as the counsel, and Mr. Youssefyeh's hiring was rubber stamped
23  by the Trustee's Chapter 7 counsel, Timothy Yoo.  (emails produced by the
24  Trustee Exhibit C)  Mr. Youssefyeh then applied to the bankruptcy court
25  for approval of his employment and simultaneously entered into a funding
26  agreement with the funding parties on September 11, 2012. (see Exhibit E,
27  funding agreement)

28

4

1    As a result of the funding agreement, all of Youseffyeh's fees and
2  costs were paid by and obligations of the funding parties, and interests in
3  this action were transferred to the funding parties by the funding
4  agreement. (see Exhibit E, funding agreement) The Trustee and the
5  Chapter 7 estate had no funds to pay Youseffyeh's fees or any other costs or
6  any claims of the funding parties or Arkland's other prepetition creditors
7  against Arkland because it was undercapitalized. (Exhibit G, employment
8  application where the Trustee admits "as the estate currently has no funds
9  available"), (also, the Funding Agreement)  All of the decision making was
10  made by the funding parties, including all decisions on continuing on with
11  the case, amending the complaint numerous times, and strategy. There
12  was no separate and distinct, or in fact, any attorney client relationship
13  with the Trustee—the relationship with attorney Youseffyeh was entirely
14  with the funding creditors.   Further, all emails were copied to the funding
15  creditors or were sent directly to the funding creditors.

16    The funding creditors funded and directed this litigation as if it were
17  brought in their names.  For instance, at a mediation between the parties,
18  although Mr. Yoo was at the mediation (the Trustee was not), the decision
19  making was made by Niemann, who is one of the funding parties. (Exhibit
20  D), email from Youssefyeh on October 26, 2016 admitting this:

21    " We went to a mediation with the bank. ....Yoo did nothing but sit
22  there.  Neimann was the decision maker who rejected the bank's offer."

23    There is substantial and significant evidence of the funding parties
24  controlling the litigation:

25    1.  On February 4, 2014 and April 7, 2014, Yoo, the Trustee's general
26       counsel, emailed Francis Park about whether the Trustee should
27       fire Youssefyeh and make a settlement offer;

28

2. Emails in September and August, 2012 show the negotiation of the retention by the Trustee solely with the funding parties and related party David Chang. (bate stamp number 77 and 78, 132-135 Exhibit D)

3. June 25, 2012 email Frances Park replacing prior attorney for the estate.

Universal Bank has a judgment for attorneys fees and costs against the Trustee and estate, but the funding parties are at least as responsible. The funding parties controlled, paid for, and were intended to be the primary beneficiaries of this litigation in the Trustee's name.    However, Universal prevailed and was awarded its fees and costs, which should be paid by the responsible parties.

**III.** THE LAW IS CLEAR THAT THE FUNDING PARTIES MUST BE ADDED AS ADDITIONAL JUDGMENT DEBTORS.

Under California law, the Court is authorized to amend a judgment to add additional judgment debtors "so that the judgment will properly designate the real defendants." *Greenspan v. LADT, LLC*, 191 Cal.App.4th 486, 508, 121 Cal.Rptr.3d 118 (2010). "The greatest liberality is to be encouraged in the allowance of such amendments in order to see that justice is done." *Id.* (citation omitted); *Misik v. D'Arco*, 197 Cal.App.4th 1065, 1072 (2011).

6

1    The judgment should be amended as a result of either Civ. Proc.

2    Code § 187 or Civ. Proc. Code § 368.5.[2]

3    Civ Proc. 187 states that "[w]hen jurisdiction is, by the Constitution

4    or this Code, or by any other statute, conferred on a Court or judicial

5    officer, all the means necessary to carry it into effect are also given; and in

6    the exercise of this jurisdiction, if the course of proceeding be not

7    specifically pointed out by this Code or the statute, any suitable process or

8    mode of proceeding may be adopted which may appear most conformable

9    to the spirit of this code."

10    California Code of Civ. Procedure ("Civ. Proc. Code") § 368.5

11    provides that an action "does not abate by the transfer of an interest in the

12    action or proceeding or by any other transfer of an interest" and "may be

13    continued in the name of the original party, or the court may allow the

14    person to whom the transfer is made to be substituted in the action or

15    proceeding." *See Hearn Pac. Corp. v. Second Generation Roofing Inc.*,

16    247 Cal. App. 4th 117, 201 Cal. Rptr. 3d 806, 819-20 (2016).  In *Hearn*,

17    Hearn was a general contractor, which assigned its rights to litigation to

18    two insurers, but the litigation was pressed in Hearn's name. *Id.* at 813-14.

19    The Court noted that "the transfer of a party's interest in the subject of an

20    action transfers the right to control the action" and "if the action does

21    continue in the original party's name, the original party remains as only a

22    nominal party whereas the real party in interest is the transferee." *Id.* at

23    820.

24    _____

25    [2] Section 187 applies "if the course of proceeding be not specifically

26    pointed out by this Code or the statute," so if Section 368.5 applies, then

27    187 does not. *See Hearn Pac. Corp. v. Second Generation Roofing Inc.*,

28    201 Cal.Rptr.3d 806, 820 (Cal. Ct. App. 2016).

1    Here, after Arkland filed for bankruptcy, the Trustee on behalf of the
2    Chapter 7 estate was technically the appropriate party to name as the
3    plaintiff in this action. *See Bostanian v. Liberty Savings Bank*, 61
4    Cal.Rptr.2nd 68, 71 (1997).  However, just like in *Hearn*, as a result of the
5    funding agreement, the funding parties were transferred significant
6    interests in this litigation which included the control of the litigation, so
7    they should be added to the judgment pursuant to Section 368.5.

8    Even if the funding agreement did not effect an assignment under
9    Section 368.5, the funding parties are the real parties in interest, who
10   should be added to the judgment under Civ. Proc. Code 187.  Under
11   Section 187, there are two alternative grounds for adding judgment debtors
12   to a judgment as real parties in interest: (1) a person or entity ("party") is
13   the alter ego of the original judgment debtor, or (2) "the equities
14   overwhelmingly favor" the amendment to add a party, who is the real party
15   in interest, and "it is necessary to prevent an injustice."  *Carolina Casualty*
16   *Ins. Co. v. L.M. Ross Law Group, LLP*, 212 Cal.App.4th 1181, 1188–1194,
17   151 Cal.Rptr.3d 628 (2012) ("Ross"); *Carr v. Barnabey's Hotel Corp.*
18   (1994) 23 Cal.App.4th 14, 20–22 ("Carr"); *see Hearn Pac. Corp. v. Second*
19   *Generation Roofing Inc.*, 247 Cal. App. 4th 117, 201 Cal. Rptr. 3d 806, 819-
20   20 (2016).  The decision to grant an amendment of a judgment is "in the
21   sound discretion of the trial court."  *Greenspan v. LADT, LLC*, 191
22   Cal.App.4th 486, 508, 121 Cal.Rptr.3d 118 (2010). The justification for
23   both grounds to amend a judgment is that the party being added to the
24   judgment is the real party in interest that pursued the litigation. *See Ross*,
25   212 Cal.App.4th at 1193.

26   In *Ross*, a law firm (Ross Law Group) had ceased to operate before
27   the litigation at issue began, and the firm's partner encouraged the lawsuit

28

8

1    to proceed "knowing his law firm was a dissolved, inactive entity with no

2    funds." *Id.* Ross tried to dodge both grounds for amendment by arguing

3    that it was "inaccurate to conclude Ross personally, rather than Ross Law

4    Group itself and its retained counsel, controlled the litigation." *Id.* at 1193.

5    The Court disagreed and concluded that one of the two grounds for

6    amending a judgment had to apply because that distinction "is totally

7    illusory here, where Ross Law Group had dissolved and ceased operations

8    well prior to the events at issue and where, in addition, Ross was at all

9    material times the only equity partner in the purported limited liability

10    partnership." *Ross* at 1194. The Court concluded that "given the finding

11    that Ross Law Group had dissolved and ceased to operate as a limited

12    liability partnership in September 2006, as well as the trial court's

13    additional findings regarding Ross's active participation and control of the

14    litigation between Carolina Casualty and Ross Law Group and the

15    interrelationship of Ross Law Group, Ross himself and The Leonard M.

16    Ross Revocable Trust, the court's decision to amend the judgment to add

17    Ross as a judgment debtor was well within its ample discretion under

18    section 187."

19        The equitable ground for liability is justified because a party should

20    not be able to hide behind an entity with an empty pocket even if the party

21    is not technically an alter ego of the entity, but the party's involvement in

22    the litigation had the same result as an alter ego relationship. *See Carr v.*

23    *Barnabey's Hotel Corp.*, 23 Cal.App.4th 14 (1994). In *Carr*, plaintiff

24    obtained a judgment against a corporation (Barnabey's), which plaintiff

25    believed owned the hotel where she worked. *Id.* at pp. 16–17. Throughout

26    the trial, Barnabey's defended against plaintiff's claims; Barnabey's lost;

27    and at the trial on punitive damages, there was evidence that Barnabey's

28

1  stopped doing business before the plaintiff was hired, had no assets, and
2  no source of income, and that the real owner of the hotel was a limited
3  partnership (Peppercorn). *Id.* at pp. 18-20. The court added Peppercorn to
4  the judgment, and the appellate court affirmed because of the conduct of
5  Peppercorn in carrying out the litigation in Barnabey's name; and
6  Barnabey's did not say anything about the mistake between Barnabey's
7  and Peppercorn, which should have been named as defendant. *Id.* at pp.
8  20–21. Although the court found insufficient evidence to find that
9  Peppercorn was Barnabey's alter ego or that Peppercorn's identity had
10 been actively concealed from plaintiff, the court concluded that equity
11 justified the amendment of the judgment to add Peppercorn because:

12      Peppercorn and Barnabey's were beneficially owned and controlled
13      by the same family members, these family members referred to the
14      entities interchangeably during trial, Peppercorn funded Barnabey's
15      defense, and "the defense which was most obviously available to
16      Barnabey's, that it was a stranger to the action, was never raised." *Id.*
17      at p. 21, 28 Cal.Rptr.2d 127.

18 *Ross* at 1193; *see also Nu Radiance v. Scott-Broadway*, No. G051179, 2016
19 WL 3586937, at *5 (Cal. Ct. App. June 27, 2016) (Not reported)
20 ("Successor liability is a different theory entirely, based on the way the
21 transaction between the two corporations was structured. Substantial
22 evidence supports the trial court's conclusion that the purpose of the
23 transaction between Sentry and Nu Radiance was to render Sentry
24 judgment-proof."); *Kempton v. Clark*, No. B248713, 2014 WL 4772269, at
25 *6 (Cal. Ct. App. Sept. 25, 2014), reh'g denied (Oct. 14, 2014), review
26 denied (Dec. 17, 2014) ("Because [attorney] Kinney is the source of the
27 litigation stemming from his purchase of the Silver Lake property—and

28

signed the contract with the attorney fees clause—it is appropriate that he be held jointly and severally liable for Clark's attorney fees. The courts are authorized to amend a judgment to add a judgment debtor to see that justice is done."); *BP W. Coast Prod. LLC v. Azari*, No. A135829, 2014 WL 691572, at *7 (Cal. Ct. App. Feb. 24, 2014) (Not reported) (court concluded that the "equities overwhelmingly favor the amendment of the judgment").

Although the *Hearn* court questioned the applicability of Section 187 in cases like *Ross*, the court ultimately validated the equitable grounds for adding real parties in interest. *Hearn* at 825 ("[I]t seems obvious to us that the undisputed circumstance that Hearn might now be judgment–proof is all the more reason it was inappropriate to deny Second Generation Roofing's motion, leaving it without recourse to the assets of the real party in interest who owned these claims, and controlled this case, after the assignment."). Further, finding that a party needs to formally be an alter ego would simply instruct parties not to enter formal assignments but instead to enter agreements that indirectly provided them all of the rights of an assignment without the responsibilities to an opposing party in litigation. Courts have concluded that this is inequitable, and real parties in interest must be held accountable. *See Ross* at 1194; Carr at 20–22.

Here, the funding parties agreed with the Trustee to proceed with this action in the name of the Trustee and the Chapter 7 Bankruptcy estate of Arkland Investments, LLC. The estate had insufficient funds to pursue the litigation and was immune from liability. Although a bankruptcy Chapter 7 estate is a federal law creation, it is actually just like a completely underfunded corporation. Arkland was in bankruptcy because it was insolvent, see Kurtz deposition testimony Exhibit I and had (and currently has) insufficient funds to pay its attorneys for the bankruptcy case, let

11

1  alone funding this action.  The funding parties solicited and convinced the

2  Trustee to maintain the litigation against Universal Bank, and they did this

3  with the promise of no risk to the Trustee because the funding parties

4  would hire the attorney, make the strategic decisions, and pay the fees and

5  costs.  In exchange, the funding creditors would get reimbursed and share

6  in the results as creditors of Arkland's estate if the action were successful.

7  Thus, the funding parties controlled, actively participated in, and

8  funded the litigation.  *See* Exhibit E (Funding Agreement); Exhibits C, D

9  and F  (Emails, Deposition of Trustee).  Because of the funding parties'

10  active participation in and control of this litigation and their interests in

11  the results of this action that were transferred to them by the funding

12  agreement, the equities overwhelmingly favor amendment of the judgment

13  to add the funding parties, who are the real parties in interest here, and

14  amendment is necessary to prevent an injustice. Therefore, the judgment

15  for fees and costs should be amended to include the funding parties along

16  with the Trustee and estate. *Ross* at 1194.

17

18  **IV.    CONCLUSION**

19  For the foregoing reasons, Judgement Creditor requests the motion

20  be granted and the judgment be amended to add Daniel Niemann, Park &

21  Velayos, LLP., and Mohammed J. Islam as Defendants to the judgment.

22

23  Dated: September 7, 2017                    ROTHMAN LAW OFFICES

24

25                                             By: _____

26  —

27                                             Anthony Rothman, Esq.

28                                             Attorneys for Universal Bank

12

Motion To Amend Judgment

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed by the Rothman Law Offices, in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2300 Westwood Blvd., Los Angeles, California 90064.

On September 7, 2017, I served in the manner indicated below, the foregoing document described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT** on the parties indicated below by placing a true copy thereof, enclosed in a sealed envelope, at Los Angeles, California, addressed as follows:

**X      BY OVERNIGHT DELIVERY SERVICE (Golden State Overnight) – I delivered the document and an unsigned copy of this declaration in a sealed envelope with delivery fees provided for next business day delivery to**

See attached.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this September 7, 2017.

_____
Anthony Rothman

13

Motion To Amend Judgment

DECLARATION OF ANTHONY ROTHMAN

I, Anthony Rothman, hereby declare as follows:

1. I am the attorney representing Universal Bank in connection with this motion make this declaration of my own personal knowledge. All capitalized and defined terms in the Motion to which this Declaration is attached shall have the same meaning herein. If called upon, I could and would testify competently to each item below.

2. This motion is based on a November 12, 2014 judgment, which is attached as Exhibit A and is a judgment in favor of Universal Bank in the amount of $463,425.00 in fees, and $12,105.06 in costs against Heide Kurtz,  Chapter 7 Trustee of the Estate of Arkland Investments, LLC (the "Trustee") in Case No. 2:12-bk-14433-RK in the United States Bankruptcy Court, Central District of California, Los Angeles Division.

3. The Trustee became the Plaintiff in this case after the Trustee was appointed on March 5, 2012, and the Order for relief was entered in the bankruptcy case of Arkland Investments, LLC ("Arkland") May 25, 2012.  (Exhibit B is a true and correct copy of the notice of appointment)

4. The Trustee was solicited by creditors of Arkland, Daniel Nieman and Frances Park (principal of Park & Velayos, LLP), and another party, Mohammed Islam.  Mr. Islam is not a creditor of Arkland but operates the parking facility next to the property that was the primary asset of Arkland.  These three "funding parties" interviewed and decided to employ A. David Youseffeyeh as the counsel, and the hiring of Mr. Youseffeyeh was rubber stamped by the Trustee's Chapter 7 counsel, Timothy  Yoo.  Mr. Youssefyeh then applied to the bankruptcy court for approval of his employment and

simultaneously entered into a funding agreement. Attached as Exhibit C are true and correct copies of emails produced pursuant to a judgment debtor examination of the Trustee (Heide Kurtz).

5. I contacted A. David Youssefyeh in early June, 2016. I had a telephone conversation with him after I discovered a lawsuit he filed against the funding creditors, case number SC123627 filed January 15, 2015. He agreed that the attorney client privilege didn't exist, but felt more comfortable if I subpoenaed him to get information from him on this matter. In the telephone conversation, he stated unequivocally that the litigation was the idea of Nieman, that Niemann and the other funding parties controlled the litigation, and the Trustee had almost no involvement and did not independentally make decisions regarding the claims asserted against Universal. He provided emails, attached as Exhibit D hereto.

6. Attached as Exhibit E is a true and correct copy of the funding agreement of September 11, 2012 produced by the Trustee.

7.    On February 23, 2016, Chapter 7 Trustee Heide Kurtz's deposition was taken in connection with the collection efforts of the judgment in this case. Attached as Exhibit F are true and correct copies of the relevant pages of this deposition.

8.    The ADY application for employment in the bankruptcy court, signed by the Trustee Heide Kurtz, is attached as Exhibit G.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this of September 7, 2017, at Los Angeles, California.

Anthony Rothman

# EXHIBIT A

*68*    **ORIGINAL**

Received

OCT 16 2014

Filing Window

**FILED**
Superior Court of California
County of Los Angeles

NOV 12 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Anita Williams

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HEIDE KURTZ, THE DULY APPOINTED AND ACTING CHAPTER 7 TRUSTEE OF THE ESTATE OF ARKLAND INVESTMENT, LLC, a Nevada limited liability company, | Case No.: BC450295 |
| | Honorable Mark Mooney |
| | Department 68 |
| Plaintiff, | **[~~PROPOSED~~] JUDGMENT IN FAVOR OF DEFENDANT UNIVERSAL BANK** |
| v. | |
| SIXTH AND VIRGIL, LLC, a California limited liability company; STUART WHANG, an individual; and UNIVERSAL BANK, a federal savings bank; and DOES 1-60, inclusive, | |
| Defendants. | |

## JUDGMENT

On September 16, 2014, Universal Bank filed its Demurrer to the Fifth Amended Complaint filed by Plaintiff Heide Kurtz, The Duly Appointed And Acting Chapter 7 Trustee Of The Estate Of Arkland Investment, LLC ("Plaintiff"). Plaintiff filed its Opposition to the Demurrer on September 25, 2014, and Universal Bank filed its Reply brief on October 1, 2014. The Demurrer was fully briefed by all parties and came on regularly for hearing on October 8, 2014 at 8:30 a.m. in Department 68 of the above-entitled court. A. David Youssefyeh, Esq. of A|D|Y LAW GROUP, P.C. appeared at the hearing on behalf of Plaintiff, and Elizabeth A. Sperling, Esq. and Cassandra Hooks, Esq. appeared on behalf of Universal Bank. After considering all of the briefs, the supporting papers and oral argument by counsel for Plaintiff and Universal Bank, the Court issued its detailed findings of fact from the bench, which are reflected in the transcript of record.

Having fully considered Universal Bank's Demurrer, the evidence presented in support of and in opposition to same, the arguments of the parties, and good cause appearing, the Honorable Mark V. Mooney SUSTAINED Universal Bank's Demurrer to Plaintiff's Fifth Amended Complaint WITHOUT further leave to amend. A true and correct copy of the Court's Order sustaining Universal Bank's Demurrer to the Fifth Amended Complaint without leave to amend is attached as Exhibit A.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT JUDGMENT** is entered in favor of Defendant Universal Bank and against Plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

1. The action brought by Plaintiff against Universal Bank is **DISMISSED WITH PREJUDICE.**

2. Plaintiff shall recover nothing from Defendant Universal Bank on the Complaint filed in this action.

3. Defendant Universal Bank is the prevailing party in this action.

///

///

4.      As the prevailing party, Defendant Universal Bank shall have and recover from Plaintiff its costs of suit and attorneys' fees incurred in the sums stated within its Memorandum of Costs and motion for attorneys' fees to be filed with the Court. The amount of costs and attorneys' fees awarded to Universal Bank by the Court will be incorporated into this Judgment after the appropriate motion and cost application are briefed and ruled upon by the Court.

5.      As the prevailing party, Defendant Universal Bank is awarded its costs against Plaintiff in the amount of $ 12,105.06.

6.      As the prevailing party, Defendant Universal Bank is awarded its attorneys' fees against Plaintiff in the amount of $ 463,425.00  GW

7.      Postjudgment interest shall accrue on the total amount of this Judgment at the statutory rate of 10% per annum from the date of entry of this Judgment until fully satisfied.

**JUDGMENT IS SO ENTERED.**

DATED: Nov 12 , 2014

_____
Hon. Mark Mooney
Los Angeles County Superior Court Judge

LEGAL02/34661508v2

1

2     DATED: October 16, 2014

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Submitted by:

ELIZABETH A. SPERLING
CASSANDRA E. HOOKS
ALSTON & BIRD LLP

_____
                    Cassandra Hooks
Attorneys for Defendant
Universal Bank

11/14/2014
03/05/2015

ORIGINAL FILED

OCT 08 2014

LOS ANGELES
SUPERIOR COURT

ORIGINAL FILED

OCT 09 2014

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HEIDE KURTZ, THE DULY APPOINTED AND ACTING CHAPTER 7 TRUSTEE OF THE ESTATE OF ARKLAND INVESTMENT, LLC, a Nevada limited liability company, | Case No.: BC450295 |
| | Honorable Mark Mooney, Department 68 |
| Plaintiff, | [PROPOSED] ORDER SUSTAINING DEFENDANT UNIVERSAL BANK'S DEMURRER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT |
| v. | |
| SIXTH AND VIRGIL, LLC, a California limited liability company; STUART WHANG, an individual; and UNIVERSAL BANK, a federal savings bank; and DOES 1-60, inclusive, | [Filed Concurrently with Defendant Universal Bank's Notice of Demurrer and Demurrer to the Fifth Amended Complaint and Request for Judicial Notice in Support] |
| Defendants. | |
| | Date:        October 8, 2014 |
| | Time:        8:30 a.m. |
| | Dept.:        68 |
| | |
| | Complaint Filed: November 30, 2010 |

ORDER SUSTAINING DEFENDANT UNIVERSAL BANK'S DEMURRER TO THE FIFTH AMENDED COMPLAINT

EXH- A

1    Defendant Universal Bank's Demurrer to Plaintiff's Fifth Amended Complaint came on regularly for

2    hearing before the Honorable Mark Mooney on October 8, 2014 at 8:30 a.m. in Department 68 of the above-

3    entitled court, located at 111 North Hill Street, Los Angeles, California. The appearances of counsel are as

4    reflected in the record.

5        The Court having examined all of the evidence, both oral and documentary filed in connection with

6    and in opposition to the Demurrer and introduced at the hearing thereon, being fully advised of the issues at

7    bar, and good cause appearing therefore,

8        IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT Universal Bank's

9    Demurrer to Plaintiff's Fifth Amended Complaint is SUSTAINED in its entirety WITHOUT FURTHER

10   LEAVE TO AMEND. Specifically,

11       1.    Universal Bank's Demurrer to the First Cause of Action for Breach of Contract – Commitment

12   Letter Agreement is SUSTAINED, without leave to amend, on the grounds that it does not state facts

13   sufficient to constitute a cause of action. Code of Civil Procedure 430.10(e).

14       2.    Universal Bank's Demurrer to the Second Cause of Action for Breach of Contract – Loan is

15   SUSTAINED, without leave to amend, on the grounds that it does not state facts sufficient to constitute a

16   cause of action. Code of Civil Procedure 430.10(e).

17       3.    Universal Bank's Demurrer to the Third Cause of Action for Breach of Covenant of Good

18   Faith and Fair Dealing – Commitment Letter and Loan is SUSTAINED, without leave to amend, on the

19   grounds that it does not state facts sufficient to constitute a cause of action. Code of Civil Procedure

20   430.10(e).

21       4.    Universal Bank's Demurrer to the Fourth Cause of Action for Fraud is SUSTAINED, without

22   leave to amend, on the grounds that it does not state facts sufficient to constitute a cause of action. Code of

23   Civil Procedure 430.10(e).

24       5.    Universal Bank's Demurrer to the Fifth Cause of Action for Negligent Misrepresentation is

25   SUSTAINED, without leave to amend, on the grounds that it does not state facts sufficient to constitute a

26   cause of action. Code of Civil Procedure 430.10(e).

27       6.    Universal Bank's Demurrer to the Sixth Cause of Action for Rescission is SUSTAINED,

28   without leave to amend, on the grounds that it does not state facts sufficient to constitute a cause of action.

1

1   Code of Civil Procedure 430.10(e).

2       7.   Universal Bank's Demurrer to the Seventh Cause of Action for Promissory Estoppel is

3   SUSTAINED, without leave to amend, on the grounds that it does not state facts sufficient to constitute a

4   cause of action.  Code of Civil Procedure 430.10(e).

5       8.   Universal Bank's Demurrer to the Eighth Cause of Action for Unjust Enrichment is

6   SUSTAINED, without leave to amend, on the grounds that it does not state facts sufficient to constitute a

7   cause of action.  Code of Civil Procedure 430.10(e).

8       9.   Universal Bank's Demurrer to the Ninth Cause of Action for Constructive Fraudulent Transfer

9   is SUSTAINED, without leave to amend, on the grounds that it does not state facts sufficient to constitute a

10  cause of action.  Code of Civil Procedure 430.10(e).

11      10.  Universal Bank's Demurrer to the Tenth Cause of Action for Slander of Title is SUSTAINED,

12  without leave to amend, on the grounds that it does not state facts sufficient to constitute a cause of action.

13  Code of Civil Procedure 430.10(e).

14      11.  Universal Bank's Demurrer to the Eleventh Cause of Action for Intentional Interference with

15  Contract is SUSTAINED, without leave to amend, on the grounds that it does not state facts sufficient to

16  constitute a cause of action.  Code of Civil Procedure 430.10(e).

17

18      IT IS SO ORDERED.

19  OCT 08 2014

20  DATED: _____, 2014          MARK V. MOONEY
                                          Hon. Mark Mooney
21                                        Los Angeles County Superior Court Judge

22

23                                        Submitted by:

24  DATED: September 16, 2014             ELIZABETH A. SPERLING
                                          CASSANDRA E. HOOKS
25                                        ALSTON & BIRD LLP

26

27                                                        Cassandra Hooks

28                                        Attorneys for Defendant
                                          Universal Bank
                                          2

ORDER SUSTAINING DEFENDANT UNIVERSAL BANK'S DEMURRER TO THE FIFTH AMENDED COMPLAINT
LEGAL02/34661508v2

PROOF OF SERVICE

I, Lisa Reynolds, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071.

On September 16, 2014, I served the document(s) described as [PROPOSED] ORDER SUSTAINING DEFENDANT UNIVERSAL BANK'S DEMURRER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT on the interested parties in this action by the service marked below:

SEE ATTACHED SERVICE LIST

BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

BY FEDERAL EXPRESS  X UPS NEXT DAY AIR   OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by FEDERAL EXPRESS  X UPS   Overnight Delivery [specify name of service:  ] with delivery fees fully provided for or delivered the envelope to a courier or driver of  FEDERAL EXPRESS  X UPS   OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

UPS NEXT DAY AIR  I deposited such envelope in a facility regularly maintained by UPS with delivery fees fully provided for or delivered the envelope to a courier or driver of UPS authorized to receive documents at ALSTON & BIRD, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

X    PERSONAL SERVICE: By having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

X    [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[Federal]    I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 16, 2014, at Los Angeles, California.

_Lisa Reynolds_

Lisa Reynolds

1 | *Arkland Investment, LLC, v. Sixth & Virgil, LLC, et al.*; and related cross-action

2 | Los Angeles Superior Court Case No. BC 450295

3 | A. David Youssefyeh, Esq.    Special Counsel for Heide Kurtz
4 | Liza Youssefyeh, Esq.    The Duly Appointed and Acting Chapter 7
 Afshin D. Youssefyeh, Esq.   Trustee of the Estate of Plaintiff Arkland
5 | ADY LAW GROUP, P.C.    Investment, LLC
 1925 Century Park East, Suite 1380
6 | Los Angeles, CA 90067    Telephone: (310) 772-2872
            Facsimile: (310) 772-0020
7 |            Email: liza@adylaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Lisa M. Reynolds, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071.

On October 16, 2014, I served the document(s) described as **[PROPOSED] JUDGMENT IN FAVOR OF DEFENDANT UNIVERSAL BANK** on the interested parties in this action by the service marked below:

### SEE ATTACHED SERVICE LIST

X    BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

UPS NEXT DAY AIR  I deposited such envelope in a facility regularly maintained by UPS with delivery fees fully provided for or delivered the envelope to a courier or driver of UPS authorized to receive documents at ALSTON & BIRD, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

By Personal Service: I caused to be delivered by courier **Ace Attorney Service, Inc.,** such envelope by hand to the offices of the above addressee(s).

BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

X    [State]      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[Federal]      I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 16, 2014, at Los Angeles, California.

_Lisa M. Reynolds_
Lisa M. Reynolds

1  *Arkland Investment, LLC, v. Sixth & Virgil, LLC, et al.*; and related cross-action

2  Los Angeles Superior Court Case No. BC 450295

3  A. David Youssefyeh, Esq.              Special Counsel for Heide Kurtz
   Liza Youssefyeh, Esq.                  The Duly Appointed and Acting Chapter 7
4  Afshin D. Youssefyeh, Esq.             Trustee of the Estate of Plaintiff Arkland
   A|D|Y LAW GROUP, P.C.                  Investment, LLC
5  1925 Century Park East, Suite 1380
   Los Angeles, CA  90067
6                                         Telephone:  (310) 772-2872
                                          Facsimile:  (310) 772-0020
7                                         Email: liza@adylaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

000028

# EXHIBIT B

Peter C. Anderson
United States Trustee
725 S. Figueroa Street
26th Floor
Los Angeles, CA 90017
(213) 894-6811

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Chapter 7A |
| | ) |
| ARKLAND INVESTMENT, LLC. | ) Case No. 2:12-bk-14433-TD |
| | ) |
| | ) NOTICE OF APPOINTMENT OF |
| | ) TRUSTEE AND FIXING OF BOND; |
| debtor | ) ACCEPTANCE OF APPOINTMENT AS |
| | ) INTERIM TRUSTEE |

Pursuant to 11 U.S.C. 701 and 11 U.S.C. 322

HEIDE KURTZ, LOS ANGELES, CA

is appointed Interim Trustee of the case of said debtor(s) and is hereby designated to preside at the meeting of creditors. This case is covered by the chapter 7 blanket bond on file with the Court on behalf of the Trustees listed on Schedule A of the bond and any amendments or modifications thereto.

DATED: February 28, 2012

PETER C. ANDERSON

UNITED STATES TRUSTEE

I, the undersigned, affirm that to the best of my knowledge and belief, I am disinterested within the meaning of 11 U.S.C. 101(14), and on this basis, I hereby accept my appointment as Interim Trustee in the above case. I will immediately notify the United States Trustee if I become aware of any facts to the contrary.

DATED: 3-2-12

HEIDE KURTZ
Interim Trustee

# EXHIBIT C

## Heide Kurtz

| | |
|---|---|
| **From:** | Timothy J. Yoo <TJY@lnbyb.com> |
| **Sent:** | Monday, June 25, 2012 10:00 AM |
| **To:** | hkurtz@hkurtzco.com |
| **Cc:** | Carmela T. Pagay |
| **Subject:** | FW: Arkland v. Sixth & Virgil, et al. |

JUN 2 6 2012

As to this one state court action counsel, it appears that the petitioning creditors are looking elsewhere. Will keep you posted. Thanks.

TIMOTHY J. YOO, Esq.

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
800 South Figueroa Street | Suite 1260 | Los Angeles, CA 90017
Phone 310 229 1234 | Direct 310 229 3365 | Fax 310 861 0929
tjy@lnbyb.com | www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

🌳 Please consider the environment before printing this email

---

**From:** Francis Park [mailto:FPark@parkvelayos.com]
**Sent:** Monday, June 25, 2012 9:58 AM
**To:** Craig Collins
**Cc:** tablasberg@earthlink.net; Daniel Niemann; Marcos Velayos; Timothy J. Yoo
**Subject:** RE: Arkland v. Sixth & Virgil, et al.

Craig, please do not withdraw as counsel until we have found a suitable replacement, if necessary. Your withdrawal would prejudice our case and be in violation of your legal duty. Please confirm that you will not withdraw until directed to do so by the Trustee, if necessary.

Francis Y. Park

**Park & Velayos LLP**
801 South Figueroa Street, Suite 350
Los Angeles, California 90017
(213) 570-8000 telephone
(213) 570-8010 facsimile
(213) 570-8001 direct

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

IRS CIRCULAR 230 DISCLOSURE: To comply with IRS regulations we advise you that any discussion of federal tax issues was neither written nor intended by the sender or Park & Velayos LLP, and cannot be used by any entity or person, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

000032

Park & Velayos LLP

---

**From:** Craig Collins [mailto:collins@blumcollins.com]
**Sent:** Monday, June 25, 2012 7:30 AM
**To:** Francis Park
**Cc:** tablasberg@earthlink.net
**Subject:** RE: Arkland v. Sixth & Virgil, et al.

Francis,

Since we were unable to work out an arrangement for us to continue representing Arkland (per my email below), we must withdraw as counsel of record.  We remain interested in discussing the issue with you and Dan.

Regards,

Craig


Craig M. Collins
Blum | Collins LLP
707 Wilshire Blvd, Suite 4880
Los Angeles, CA  90017
Voice 213.572.0400
Fax    213.572.0401

---

**From:** Craig Collins
**Sent:** Wednesday, June 20, 2012 11:05 AM
**To:** fpark@parkvelayos.com
**Cc:** tablasberg@earthlink.net
**Subject:** Arkland v. Sixth & Virgil, et al.

Francis,

If we cannot work out an arrangement with Arkland's creditors to fund our representation this week, we must seek to withdraw as counsel of record.  Please let us know if the creditors wish to accept the proposal that we previously made.

In the meantime, we must continue to protect Arkland's interests as we deem best, which will include filing a notice of removal.

Regards,
]
Craig


Craig M. Collins
Blum | Collins LLP
707 Wilshire Blvd, Suite 4880

**Heide Kurtz**                                                                          JUL 2 4 2012

| From: | Timothy J. Yoo <TJY@lnbyb.com> |
|-------|-------------------------------|
| Sent: | Tuesday, July 24, 2012 5:26 PM |
| To: | 'Francis Park'; 'skoenig@cmkllp.com' |
| Cc: | 'dniemann@niemannproperties.com'; 'sfrey@cmkllp.com'; 'hkurtz@hkurtzco.com'; Carmela T. Pagay |
| Subject: | RE: Arkland |
| Attachments: | ECF_DOC_82_15711780.pdf |

Just wanted to remind you guys that Blum Collins' motion to be relieved as counsel is next Friday, August 3rd. Do you have a deal with them or a replacement? Also, the Trustee got a claims bar date. The notice is attached. Thank you.

Tim

TIMOTHY J. YOO, Esq.

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone 310 229 1234  |  Direct 310 229 3365  |  Fax 310 861 0929
tjy@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

🖐 Please consider the environment before printing this email

---

**From:** Timothy J. Yoo
**Sent:** Wednesday, June 20, 2012 10:09 AM
**To:** 'Francis Park'; skoenig@cmkllp.com
**Cc:** dniemann@niemannproperties.com; sfrey@cmkllp.com; hkurtz@hkurtzco.com; Carmela T. Pagay
**Subject:** RE: Arkland

No problem. Just make sure there aren't any upcoming deadlines in the state court actions. Thanks.

TIMOTHY J. YOO, Esq.

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone 310 229 1234  |  Direct 310 229 3365  |  Fax 310 861 0929
tjy@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

🖐 Please consider the environment before printing this email

---

**From:** Francis Park [mailto:FPark@parkvelayos.com]                    000034

**Heide Kurtz**

| | |
|---|---|
| **From:** | Timothy J. Yoo <TJY@lnbyb.com> |
| **Sent:** | Tuesday, October 16, 2012 6:38 PM |
| **To:** | 'david@adylaw.com'; Francis Park (FPark@parkvelayos.com) |
| **Cc:** | hkurtz@hkurtzco.com; Carmela T. Pagay |
| **Subject:** | In re Arkland |
| **Attachments:** | App to Employ Special Counsel (Youssefyeh).pdf |

Please review the attached draft and make sure that the terms between the funding parties and special counsel are accurately reflected. Thank you.

Francis, we need confirmation that the funding parties will not be seeking admin expenses against the estate. I think it would be easier for you and David to revise the funding agreement. I just need the executed copy. Thanks.

TIMOTHY J. YOO, Esq.

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
800 South Figueroa Street   |   Suite 1260   |   Los Angeles, CA   90017
Phone 310 229 1234   |   Direct 310 229 3365   |   Fax 310 861 0929
tjy@lnbyb.com   |   www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

🌐 Please consider the environment before printing this email

OCT 1 9 2012

# LITIGATION FUNDING AGREEMENT

This agreement is entered into effective as of August 1, 2012, by and between the following parties:

    A. A|D|Y Law Group, P.C. referred to herein as "Special Counsel"; and

    B. Park & Velayos, LLP and Daniel Niemann, and Mohammed J. Islam, collectively referred to as "Funding Parties."

The parties enter into this agreement with respect to the following facts:

    A. Arkland Investment LLC ("Arkland") is the Plaintiff in an action in the Superior Court of Los Angeles County entitled, "Arkland Investment, LLC v. Sixth and Virgil, LLC, et al.," case number BC 450295 (the "State Court Action"). In that action, Arkland has asserted certain claims against Sixth and Virgil, LLC, Stuart Whang and Universal Bank.

    B. Arkland is presently the debtor in a chapter 7 bankruptcy proceeding pending before the United States Bankruptcy Court for the Central District of California, case number 2:12-bk-14433-TD.

    C. Arkland's bankruptcy estate does not contain sufficient liquid assets to fund payment of attorney's fees and costs to prosecute Arkland's claims in the State Court Action on an ongoing basis.

    D. The Funding Parties have an interest in the successful prosecution of the State Court Action by Arkland and are willing to provide financial resources to pay all, or a portion, of the attorneys' fees and costs for prosecution of Arkland's claims in the State Court Action, as provided in this agreement.

    E. The Funding Parties desire to have Special Counsel prosecute Arkland's claims in the State Court Action.

NOW THEREFORE, with reference the foregoing recitals of fact and in consideration of the mutual promises, conditions and covenants set forth below, the parties agree as follows:

    1. The Funding Parties agree to advance funds to Special Counsel based on Special Counsel's hourly rates (as specified herein) and for costs incurred in the prosecution of Arkland's claims in the State Court Action on the terms and conditions stated herein.

    2. The rate for services by A|D|Y Law Group, P.C. will be $200 per hour.

    3. The Funding Parties agree to advance funds to Special Counsel for out-of-pocket expenses, including parking, travel, reporter's fees, transcript fees, motion fees,

000036

mediator's fees, and any other expense reasonably necessary or appropriate in the prosecution of the State Court Action, in the amount actually expended for such costs. The Funding Parties agree to advance funds to Special Counsel for photocopy expense for "in-house" photocopies at the rate of $.10 per page.

4. Special counsel will submit monthly statements for its services and expenses, to the Funding Parties. Within 15 days after the date of the invoice, Funding Parties will make a non-recourse loan to Special Counsel in the amount of the invoice subject to the provisions of Paragraph 6. Invoices will be sent by e-mail to the addresses specified for notice in this agreement. Any unpaid balance will accrue interest at the rate of ten (10) percent per annum.

5. Special Counsel agrees to provide sufficient detail in the description of its services and expenses so as to comply with all requirements of the Office of the United States Trustee for submission of applications for allowance and payment of professional fees in bankruptcy cases. Funding Parties acknowledge and understand that Arkland's bankruptcy trustee is Special Counsel's client, and Special Counsel may edit or exclude information from the copies of the invoices sent to Funding Parties in order to preserve the attorney-client privilege.

6. Special Counsel acknowledges and agrees that Funding Parties will advance funds to Special Counsel in installments as follows:

> September 15, 2012 - $2,500
> October 15, 2012 - $2,500
> November 15, 2012 - $3,000
> December 15, 2012 - $3,000
> January 15, 2013 - $3,000
> February 15, 2013 and each month thereafter - $5,000 per month ✳

7. Payments to Special Counsel shall be made to "A[D]Y Law Group, P.C. Client Trust Account."

8. Special Counsel agrees to submit timely and complete applications for allowance and payment of its fees and expenses at such time as Arkland's bankruptcy estate has sufficient funds allow payment of those fees and expenses.

9. The Funding Parties agree to accept as reimbursement for all amounts paid to Special Counsel pursuant to this agreement such sums as the Bankruptcy Court may allow in ruling upon the application(s) of Special Counsel for allowance and payment of Special Counsel's hourly fees and expenses.

10. The Funding Parties acknowledge and understand that the engagement agreement between Special Counsel and Arkland's bankruptcy trustee provides for payment of a variable contingent fee based on the total amount of recovery. The Funding Parties agree that they will receive no part of any contingent fee awarded by the Bankruptcy Court and paid to Special Counsel, and that any such fee shall not be used to repay any loan made by Funding Parties to Special Counsel.

LITIGATION FUNDING AGREEMENT                                      Page 2

✳ MOHAMMED J. ISLAM'S CONTRIBUTIONS SHALL NOT EXCEED $48,000
(FORTY-EIGHT THOUSAND) DOLLARS IN TOTAL.

11. Any notice required or permitted to be given pursuant to the terms of this agreement may be sent by electronic mail to the parties at the addresses listed below

| Name | Address |
|------|---------|
| Francis Park | FPark@parkvelayos.com |
| Marcos Velayos | MVelayos@parkvelayos.com |
| Daniel Niemann | DNiemann@niemannproperties.com |
| Mohammed J. Islam | MJISLAM@MODERNPARKING.COM |
| David Youssefyeh | David@adylaw.com |

12. The terms of this agreement are the product of negotiation and the interpretation of its terms shall in no way depend on the identity of the party preparing this document.

13. This agreement shall be construed under California law and any applicable provisions of the Bankruptcy Code.

Intending to be legally bound, the parties have executed this agreement effective as of September 24, 2012.

A[D]Y Law Group, P.C.

By: A. David Youssefyeh, Shareholder
Special Counsel

Park & Velayos, LLP

By: Francis Park

Mohammed J. Islam

Niemann Properties, Inc.

By: Daniel Niemann

000038

11. Any notice required or permitted to be given pursuant to the terms of this agreement may be sent by electronic mail to the parties at the addresses listed below

| Name | Address |
| --- | --- |
| Francis Park | FPark@parkvelayos.com |
| Marcos Velayos | MVelayos@parkvelayos.com |
| Daniel Niemann | DNiemann@niemannproperties.com |
| Mohammed J. Islam | |
| David Youssefyeh | David@adylaw.com |

12. The terms of this agreement are the product of negotiation and the interpretation of its terms shall in no way depend on the identity of the party preparing this document.

13. This agreement shall be construed under California law and any applicable provisions of the Bankruptcy Code.

Intending to be legally bound, the parties have executed this agreement effective as of September 11, 2012.

A|D|Y Law Group, P.C.

By: A. David Youssefyeh, Shareholder
Special Counsel

Park & Velayos, LLP

By: Francis Park                                    Mohammed J. Islam

                                                    Daniel Niemann

**Heide Kurtz**

| | |
|---|---|
| **From:** | Timothy J. Yoo <TJY@lnbyb.com> |
| **Sent:** | Friday, October 19, 2012 9:43 AM |
| **To:** | 'Francis Park'; david@adylaw.com |
| **Cc:** | hkurtz@hkurtzco.com; Carmela T. Pagay |
| **Subject:** | RE: In re Arkland |
| **Attachments:** | Funding Agreement.pdf.pdf |

This attached agreement that was provided to me last week was what I was working off. If you guys have modified the agreement since that time, please send me the updated agreement, and I will revise accordingly. Thanks.

---

**From:** Francis Park [mailto:FPark@parkvelayos.com]
**Sent:** Thursday, October 18, 2012 3:40 PM
**To:** Timothy J. Yoo; david@adylaw.com
**Cc:** hkurtz@hkurtzco.com; Carmela T. Pagay
**Subject:** RE: In re Arkland

Tim, I think the employment provision regarding the contingent fee needs to be fixed. The funding parties agreed to the following terms, which is a similar structure to what we agreed to with Silvio Nardoni.

David, please confirm this. Thanks.

The contingency fee is based on the "Net Recovery," which is the gross amount received (whether by settlement, judgment or otherwise) on account of the State Court Action less all awards of hourly fees and reimbursement for out-of-pocket costs or disbursements paid by Special Counsel.

5.    The contingent fee compensation will be calculated as follows:

| | | |
|---|---|---|
| Let NR | = | Net Recovery above $1,000,000 |
| Let TA | = | Total Advances received by Special Counsel |
| Let THF = | | Total Hourly Fees and Costs of Special Counsel |
| Let CF | = | Contingent Fee |

$$CF = (7\% * NR) + (15\% * (NR * (1-TA/THF)))$$

Francis Y. Park

**Park & Velayos LLP**
801 South Figueroa Street, Suite 350
Los Angeles, California 90017
(213) 570-8000 telephone
(213) 570-8010 facsimile
(213) 570-8001 direct

*********************

This email may contain material th⌐     confidential, privileged and/or attorney w⌐    product for the sole use of the intended recipient. Any review, re⌐   ⌐e or distribution by others or forwarding w⌐  ⌐ut express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

IRS CIRCULAR 230 DISCLOSURE: To comply with IRS regulations we advise you that any discussion of federal tax issues was neither written nor intended by the sender or Park & Velayos LLP, and cannot be used by any entity or person, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

Park & Velayos LLP

---

**From:** Timothy J. Yoo [mailto:TJY@lnbyb.com]
**Sent:** Thursday, October 18, 2012 11:15 AM
**To:** 'david@adylaw.com'; Francis Park
**Cc:** 'hkurtz@hkurtzco.com'; Carmela T. Pagay
**Subject:** RE: In re Arkland

David,

If you are okay with the draft, please sign your declaration and email it to me. Thanks.

TIMOTHY J. YOO, Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone  310 229 1234  |  Direct  310 229 3365  |  Fax  310 861 0929
tjy@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

Please consider the environment before printing this email

---

**From:** Timothy J. Yoo
**Sent:** Tuesday, October 16, 2012 6:38 PM
**To:** 'david@adylaw.com'; Francis Park (FPark@parkvelayos.com)
**Cc:** hkurtz@hkurtzco.com; Carmela T. Pagay
**Subject:** In re Arkland

Please review the attached draft and make sure that the terms between the funding parties and special counsel are accurately reflected. Thank you.

Francis, we need confirmation that the funding parties will not be seeking admin expenses against the estate. I think it would be easier for you and David to revise the funding agreement. I just need the executed copy. Thanks.

TIMOTHY J. YOO, Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone  310 229 1234  |  Direct  310 229 3365  |  Fax  310 861 0929
tjy@lnbyb.com  |  www.lnbyb.com

**Heide Kurtz**

| | |
|---|---|
| **From:** | Timothy J. Yoo <TJY@lnbyb.com> |
| **Sent:** | Wednesday, November 28, 2012 5:05 PM |
| **To:** | 'A. David Youssefyeh'; Francis Park |
| **Cc:** | hkurtz@hkurtzco.com; Carmela T. Pagay |
| **Subject:** | RE: In re Arkland |

NOV 2 8 2012

Hi David,

I understand from Francis that you should now have a fully-executed version (which, btw, should include waiver language by the funding parties re administrative claims). Please forward so that I can finalize the application. Thanks.

Tim

**TIMOTHY J. YOO, Esq.**
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
800 South Figueroa Street | Suite 1260 | Los Angeles, CA 90017
Phone 310 229 1234 | Direct 310 229 3365 | Fax 310 861 0929
tjy@lnbyb.com | www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

Please consider the environment before printing this email

---

**From:** A. David Youssefyeh [mailto:david@adylaw.com]
**Sent:** Friday, October 19, 2012 1:02 PM
**To:** Timothy J. Yoo; Francis Park
**Cc:** hkurtz@hkurtzco.com; Carmela T. Pagay
**Subject:** RE: In re Arkland

Tim:

A new version coming to you soon.

Regards,

ADY

A. David Youssefyeh | Shareholder
A|D|Y LAW GROUP, P.C. | 1875 Century Park East | Suite 1460 | Los Angeles, CA 90067
Phone 310 772.2872 x104 | Fax 310 772.0020 | david@adylaw.com
CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you
have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information
contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

---

**From:** Timothy J. Yoo [mailto:TJY@lnbyb.com]
**Sent:** Friday, October 19, 2012 9:43 AM

000042

**Cc:** hkurtz@hkurtzco.com; Carmela ( 1gay
**Subject:** RE: In re Arkland

This attached agreement that was provided to me last week was what I was working off. If you guys have modified the agreement since that time, please send me the updated agreement, and I will revise accordingly. Thanks.

---

**From:** Francis Park [mailto:FPark@parkvelayos.com]
**Sent:** Thursday, October 18, 2012 3:40 PM
**To:** Timothy J. Yoo; david@adylaw.com
**Cc:** hkurtz@hkurtzco.com; Carmela T. Pagay
**Subject:** RE: In re Arkland

Tim, I think the employment provision regarding the contingent fee needs to be fixed. The funding parties agreed to the following terms, which is a similar structure to what we agreed to with Silvio Nardoni.

David, please confirm this. Thanks.

The contingency fee is based on the "Net Recovery," which is the gross amount received (whether by settlement, judgment or otherwise) on account of the State Court Action less all awards of hourly fees and reimbursement for out-of-pocket costs or disbursements paid by Special Counsel.

5.     The contingent fee compensation will be calculated as follows:

|       |   |                                                      |
|-------|---|------------------------------------------------------|
| Let NR | = | Net Recovery above $1,000,000                       |
| Let TA | = | Total Advances received by Special Counsel          |
| Let THF = | | Total Hourly Fees and Costs of Special Counsel     |
| Let CF | = | Contingent Fee                                      |
|       |   |                                                      |
| CF    | = | (7% * NR) + (15% * (NR * (1-TA/THF)))               |

Francis Y. Park

**Park & Velayos LLP**
801 South Figueroa Street, Suite 350
Los Angeles, California 90017
(213) 570-8000 telephone
(213) 570-8010 facsimile
(213) 570-8001 direct

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.
IRS CIRCULAR 230 DISCLOSURE: To comply with IRS regulations we advise you that any discussion of federal tax issues was neither written nor intended by the sender or Park & Velayos LLP, and cannot be used by any entity or person, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.
Park & Velayos LLP

**From:** Timothy J. Yoo [mailto:TJY@lnbyb.com]
**Sent:** Thursday, October 18, 2012 11:15 AM
**To:** 'david@adylaw.com'; Francis Park
**Cc:** 'hkurtz@hkurtzco.com'; Carmela T. Pagay
**Subject:** RE: In re Arkland

David,

If you are okay with the draft, please sign your declaration and email it to me.  Thanks.

**TIMOTHY J. YOO,** Esq.

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone  310 229 1234  |  Direct  310 229 3365  |  Fax  310 861 0929
tjy@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

Please consider the environment before printing this email

---

**From:** Timothy J. Yoo
**Sent:** Tuesday, October 16, 2012 6:38 PM
**To:** 'david@adylaw.com'; Francis Park (FPark@parkvelayos.com)
**Cc:** hkurtz@hkurtzco.com; Carmela T. Pagay
**Subject:** In re Arkland

Please review the attached draft and make sure that the terms between the funding parties and special counsel are
accurately reflected.  Thank you.

Francis, we need confirmation that the funding parties will not be seeking admin expenses against the estate. I think it
would be easier for you and David to revise the funding agreement. I just need the executed copy. Thanks.

**TIMOTHY J. YOO,** Esq.

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone  310 229 1234  |  Direct  310 229 3365  |  Fax  310 861 0929
tjy@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

Please consider the environment before printing this email

MC—050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| A. David Youssefyeh, 185994<br>A\|D\|Y Law Group, P.C.<br>1875 Century Park East, Suite 1460<br>Los Angeles, CA 90067<br>TELEPHONE NO.: 310-772-2872      FAX NO. *(Optional)*: 310-772-0020<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Ramil Abalkhad | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

CASE NAME:
Arkland Investment v. Sixth & Virgil

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>BC450295 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*:   Arkland Investment, LLC   makes the following substitution:

1. **Former legal representative**  ☐ Party represented self  ☒ Attorney *(name)*: Craig Collins
2. **New legal representative**  ☐ Party is representing self*  ☒ Attorney
   a. Name: A. David Youssefyeh     b. State Bar No. *(if applicable)*: 185994
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*: A\|D\|Y Law Group, P.C.
                                    1875 Century Park East, Suite 1460
                                    Los Angeles, CA 90067
   d. Telephone No. *(include area code)*: 310-772-2872
3. The party making this substitution is a   ☒ plaintiff   ☐ defendant   ☐ petitioner   ☐ respondent   ☐ other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian      • Personal Representative      • Guardian ad litem
- Conservator   • Probate fiduciary            • Unincorporated
- Trustee       • Corporation                    association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 12-20-12

   ___Heide Kurtz___
   (TYPE OR PRINT NAME)                                      ▶ _____
                                                              (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date:

   ___Craig Collins___
   (TYPE OR PRINT NAME)                                      ▶ _____
                                                              (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date:

   ___A. David Youssefyeh___
   (TYPE OR PRINT NAME)                                      ▶ _____
                                                              (SIGNATURE OF NEW ATTORNEY)

000045                                        Page 1 of 2

**hkurtz@hkurtzco.com**

APR 10 2018

| | |
|---|---|
| **From:** | A. David Youssefyeh <david@adylaw.com> |
| **Sent:** | Tuesday, April 08, 2014 11:51 PM |
| **To:** | hkurtz@hkurtzco.com; Timothy J. Yoo |
| **Subject:** | Fwd: Arkland mediation |
| **Attachments:** | Resume_Deborah Rothman, Jan. '14.pdf |

Fyi

--------- Forwarded message ----------
From: "Sperling, Elizabeth" <Elizabeth.Sperling@alston.com>
Date: Apr 8, 2014 12:34 PM
Subject: Arkland mediation
To: "david@adylaw.com" <david@adylaw.com>, "liza@adylaw.com" <liza@adylaw.com>
Cc: "Hooks, Cassandra" <Cassandra.Hooks@alston.com>

David and Liza:

You have implored us on several occasions to mediate this case. We have made two settlement offers to you, neither of which you responded to, and we have asked you to make us a settlement offer or counter-offer, but you never have. As I said to David, you should understand our hesitation, then, to spend thousands of dollars on a mediation when your client cannot even make us a single settlement offer. Nevertheless, given your repeated requests, we are willing to go to mediation if your client is serious about settling and will negotiate in good faith. A measure of that good faith, and a condition of our attending, will be that Ms. Heide Kurtz attend the mediation. If your client is not there, the whole thing will be a huge waste of time. We need your client there, with settlement authority, and ready to settle the case. If you agree to these terms, we will mediate.

In that event, it seems that it is incumbent on us to do a mediation sooner rather than later, given all the matters before the court on April 28. In addition, I will be out of the office on vacation all of next week. A really great mediator I would propose is Deborah Rothman. Her CV is attached. Her rate is $6000 for a full-day (10 hours including advance prep. time and the mediation itself) and $3500 for a half day. Deborah is a very good listener, smart, allows each side to get everything off their chests and be heard, and tries to address the needs of the parties and educate them about their positions. I think she is very good. She has availability this month on the 9th, 21st, 25th, possibly the 22nd and 23rd and could also do this Saturday if needed (given my vacation next week, I'm perfectly willing to do Saturday if that works for everyone).
Other mediators I would recommend who are also very good:
John Zebrowski http://www.adrservices.org/neutrals/john-zebrowski.php
Hon. John Wagner http://www.judicatewest.com/neutral/225
Hon. Steven Stone http://www.jamsadr.com/steven-stone/

Let me know your thoughts.

Elizabeth A. Sperling
ALSTON + BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, California 90071
Direct: 213.576.1028
Facsimile: 213.576.1100
www.alston.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**hkurtz@hkurtzco.com**

| | |
|---|---|
| Sent: | Wednesday, February 05, 2014 10:56 AM |
| To: | fpark@parkvelayos.com; Dniemann@niemannproperties.com |
| Cc: | hkurtz@hkurtzco.com; Carmela T. Pagay; david@adylaw.com; liza@adylaw.com |
| Subject: | FW: Arkland |

Dear Francis and Dan,

Please review the recommendation below from David Youssefyeh. Unless there is a strong basis for not taking this offer and some guarantee that the bankruptcy estate will receive at least $95,000 from the funding parties, the Trustee intends to go forward with this settlement. Please give us your thoughts by this Friday. Thank you.

Tim

TIMOTHY J. YOO, Esq.

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone 310 229 1234  |  Direct 310 229 3365  |  Fax 310 861 0929
tjy@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

**From:** A. David Youssefyeh [mailto:david@adylaw.com]
**Sent:** Tuesday, February 04, 2014 7:58 PM
**To:** hkurtz@hkurtzco.com
**Cc:** Liza Youssefyeh; Timothy J. Yoo
**Subject:** RE: Arkland

Just noticed a typo below, in the summary re Sixth and Virgil, I left out the word "not."

The last sentence of the paragraph should read, "In addition, even if we were to prevail on appeal, based upon all of the evidence that we have to date, we believe that we will NOT be able to prevail, against Sixth and Virgil, at trial."


Regards,

A. David Youssefyeh

*Treasurer, Mexican American Bar Association – Political Action Committee*
*Member, Judicial Evaluations Committee, Mexican American Bar Association ·· Political Action Committee*

A. David Youssefyeh  |  Shareholder
A|D|Y LAW GROUP, P.C.  |  1925 Century Park East  |  Suite 1380  |  Los Angeles, CA  90067
Phone 310 772.2872 x104  |  Fax 310 772.0020  |  david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

hkurtz@hkurtzco.com

**From:**        Francis Park <FPark@parkvelayos.com>
**Sent:**        Tuesday, April 08, 2014 8:41 AM
**To:**          Timothy J. Yoo
**Cc:**          hkurtz@hkurtzco.com
**Subject:**     RE: Arkland

Tim, the funding parties would like David Y out of the litigation. The agreement with David Y was always that any funding gap for his representation would be made up by an additional contingency as we discussed and described in the engagement letter. We would like to have Silvio Nardoni take over the David Y matters. Regarding the demand for $499,000, we don't have enough information to assess whether or not that is fair. We would like to bring Silvio in first and have him give us an assessment before making any offers. Please let me know if you have any questions.

Regards,

**Francis Y. Park**

**Park & Velayos LLP**
801 South Figueroa Street, Suite 450
Los Angeles, California 90017
(213) 570-8000 telephone
(213) 570-8010 facsimile
(213) 570-8001 direct

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

IRS CIRCULAR 230 DISCLOSURE: To comply with IRS regulations we advise you that any discussion of federal tax issues was neither written nor intended by the sender or Park & Velayos LLP, and cannot be used by any entity or person, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

Park & Velayos LLP

**From:** Timothy J. Yoo [mailto:TJY@lnbyb.com]
**Sent:** Monday, April 07, 2014 7:12 PM
**To:** Francis Park
**Cc:** hkurtz@hkurtzco.com
**Subject:** FW: Arkland

Hi Francis,

Please take a look at the email below. If the funding parties are not happy with this guy, we should let him loose. Do you have someone else in mind? In the meantime, do you have any objection to a demand of $499,000? Please advise. Thanks.

# EXHIBIT D

## Anthony Rothman

| | |
|---|---|
| **From:** | A. David Youssefyeh <david@adylaw.com> |
| **Sent:** | Wednesday, October 26, 2016 10:42 AM |
| **To:** | Anthony Rothman |
| **Subject:** | RE: depo friday |
| **Attachments:** | Docs Produced 64 - 1622357.pdf; Docs Produced 163 - 184 017.pdf; Docs Produced 189 - 293 242.pdf; Docs Produced 294 - 3161256.pdf |

Anthony:

What you need to know is that the idea for taking on the case against the bank in bk court was brought to us by David Chang. We had represented parties related to David in the underlying litigation between the owners of Arkland. David believed in the case and he brought in Niemann, Park and Islam since they were all creditors of Arkland. The plan was that they would fund the litigation and they would profit on the back end when we recovered millions from the bank and their claims were paid (all of this was told to me by David and Niemann was they were my only points of contact prior to being retained except for one conference call with Park).

As a side note, it turned out that Park was friends with counsel for the trustee.

Once we got into the case, the decisions were made by Park, Chang and Niemann. The trustee and her counsel couldn't care less about anything. I had zero contact with Islam except for a single check that he sent me. Niemann stopped paying as well. To the extent that we got paid (which is why I had to sue them), we got paid by Chang and Park & Valejos. When the case was settled I received $60,000 from Park & Velayos and $30,000 from Chang.

We went to a mediation with the bank. On our side it was me, Liza, Neimann, Chang and Tim Yoo (counsel for the trustee). Yoo did nothing but sit there. Neimann was the decision maker who rejected the bank's offer.

Is this enough for a declaration so you can save some time?

--
Regards,

David

A. David Youssefyeh | Shareholder

A|D|Y LAW GROUP, P.C. | 1925 Century Park East | Suite 1380 | Los Angeles, CA 90067

Phone 310 772.2872 x104 | Fax 310 772.0020 | david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Anthony Rothman [mailto:anthony@arothmanlaw.com]
**Sent:** Tuesday, October 25, 2016 1:24 PM
**To:** david@adylaw.com
**Subject:** depo friday

Hi David, When can you talk? Can you send me some documents tomorrow to review?

Anthony Rothman, Esq.
Rothman Law Offices
~~~~ Westwood Blvd., Suite 105

Los Angeles, CA 90064
T: (424) 273-8842
T: (424) 248-5199
F: (424) 270-0859
anthony@arothmanlaw.com

THIS COMMUNICATION (AND ALL ENCLOSURES) IS SOLELY FOR THE USE OF OUR CLIENT(S) AND CANNOT BE
USED TO AVOID FEDERAL TAX PENALTIES.

The information contained in this message is legally privileged and confidential information which is intended only for the
use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby
notified that any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received
this message in error, please immediately notify us by telephone and return the original message to us at this address
listed below via the United States Postal Service. Thank you.

## A. David Youssefyeh

| | |
|---|---|
| **From:** | A. David Youssefyeh |
| **Sent:** | Wednesday, August 08, 2012 12:39 PM |
| **To:** | 'Francis Park'; 'dniemann@niemannproperties.com'; 'davidchangcpa@hotmail.com' |
| **Subject:** | RE: DY is on board |

I believe that it does.

Regards,

ADY

A. David Youssefyeh | Shareholder
A|D|Y LAW GROUP, P.C. | 1875 Century Park East | Suite 1460 | Los Angeles, CA 90067
Phone 310 772.2872 x104 | Fax 310 772.0020 | david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Francis Park [mailto:FPark@parkvelayos.com]
**Sent:** Wednesday, August 08, 2012 9:11 AM
**To:** david@adylaw.com; dniemann@niemannproperties.com; davidchangcpa@hotmail.com
**Subject:** Re: DY is on board

I'm on vacation. I will review next week. Does the agreement reflect all terms below?

----- Original Message -----
From: A. David Youssefyeh <david@adylaw.com>
To: Daniel Niemann <DNiemann@niemannproperties.com>; Francis Park; David Chang <davidchangcpa@hotmail.com>
Sent: Tue Aug 07 22:58:13 2012
Subject: RE: DY is on board

Gentlemen:

I have attached to this email a copy of our agreement as well as the retainer with the trustee for your comments. I used the same template as Silvio to make it easier for everyone.

Any comments before I forward it to the trustee's counsel?

Regards,

ADY

000073

A. David Youssefyeh | Shareholder

A|D|Y LAW GROUP, P.C. | 1875 Century Park East | Suite 1460 | Los Angeles, CA 90067

Phone  310 772.2872 x104 | Fax  310 772.0020 | david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

From: Daniel Niemann [mailto:DNiemann@niemannproperties.com]
Sent: Tuesday, July 31, 2012 2:42 PM
To: Francis Park; David Chang; David Youssefyeh
Subject: DY is on board

Here is the new deal with DY for the Universal Bank, Stuart Whang and 6th & Virgil cases:

$200/hour, payable at $2500/month in Sept/Oct, $3000 Nov-Jan, $5000 thereafter.

Any unpaid balance will be paid if and when we get any settlement/judgment.

DY will receive a 20% contingent fee on the settlement/judgment proceeds, after deducting legal fees, on the first $1 million and a 7% fee on the balance of the proceeds, again net of legal, although it would seem unlikely that  legal fees will exceed $1M.

DY will manage Teresa, whose rate will be $150/hour and work out a sharing arrangement on the contingency.  DC will arrange a similar payment plan with Teresa, now contemplated to be $1000/month throughout the cases.

DY has contacted Tim Yoo and will draft a fee agreement for Francis to review prior to submitting it to Tim.

Thanks, Dan

000074

## A. David Youssefyeh

| | |
|---|---|
| **From:** | A. David Youssefyeh |
| **Sent:** | Wednesday, September 12, 2012 12:00 AM |
| **To:** | Francis Park; Daniel Niemann (DNiemann@niemannproperties.com); David Chang (davidchangcpa@hotmail.com) |
| **Subject:** | FW: Retainer Docs |
| **Attachments:** | Retention Agreement v2.docx |

Here is the correct version of the retention agreement.

Regards,

ADY

A. David Youssefyeh | Shareholder
A|D|Y LAW GROUP, P.C. | 1875 Century Park East | Suite 1460 | Los Angeles, CA 90067
Phone 310 772.2872 x104 | Fax 310 772.0020 | david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** A. David Youssefyeh [mailto:david@adylaw.com]
**Sent:** Monday, August 27, 2012 9:29 AM
**To:** 'Daniel Niemann'; 'Francis Park'
**Cc:** 'David Chang'
**Subject:** RE: Retainer Docs

Here it is modified as requested.

Regards,

ADY

A. David Youssefyeh | Shareholder
A|D|Y LAW GROUP, P.C. | 1875 Century Park East | Suite 1460 | Los Angeles, CA 90067
Phone 310 772.2872 x104 | Fax 310 772.0020 | david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Daniel Niemann [mailto:DNiemann@niemannproperties.com]
**Sent:** Wednesday, August 22, 2012 12:33 PM
**To:** David Youssefyeh; Francis Park
**Cc:** David Chang
**Subject:** Re: Retainer Docs

Shouldn't the equation be:

000077

CF = (7% * NR) + (15% * (NR * (1-TA/THF))) ?  I am assuming the original agreement was 7% before we capped it.

NR should also be defined as the net after legal fees.

Thanks, Dan

On 8/22/12 11:53 AM, "David Youssefyeh" <david@advlaw.com> wrote:

Francis/Dan/David:

Attached are the revised agreements.

Regards,

ADY

A. David Youssefyeh  |  Shareholder
A|D|Y LAW GROUP, P.C.  |  1875 Century Park East  |  Suite 1460  |  Los Angeles, CA 90067
Phone 310 772.2872 x104  |  Fax 310 772.0020  |  david@advlaw.com
CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you
have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information
contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

From: Francis Park [mailto:FPark@parkvelayos.com]
Sent: Tuesday, August 14, 2012 10:06 AM
To: David Youssefyeh
Cc: Daniel Niemann; David Chang
Subject: Retainer Docs

David, attached are my comments to your documents. I think we need to discuss the following:

1. Should Teresa Blasberg be co-counsel with you?
2. What is an appropriate cap on fees paid by creditors? We agreed with Silvio to a $100,000 number with a higher
   contingency if creditors don't pay. Is there a number you can suggest?

Francis Y. Park

Park & Velayos LLP

801 South Figueroa Street, Suite 350

Los Angeles, California 90017

(213) 570-8000 telephone

(213) 570-8010 facsimile

000078

That may be the reason for filing an appeal to bring Sixth&Virgil as a defendant.

Will updated complaint bring all causes of actions (on Second Amended Complaint)

against Universal Bank?

Thanks.

---

From: david@adylaw.com
Date: Thu, 18 Jul 2013 16:27:30 −0700
Subject: RE: TODAY'S HEARING
To: davidchangcpa@hotmail.com; DNiemann@niemannproperties.com;
fpark@parkvelayos.com

Gentlemen:

The court gave us one more time to amend and file an updated complaint. The hearing on that is the end of August.

Regards,

A. David Youssefyeh

**PLEASE NOTE OUR NEW ADDRESS**

A. David Youssefyeh | Shareholder
A|D|Y LAW GROUP, P.C. | 1925 Century Park East | Suite 1380 | Los Angeles, CA 90067
Phone 310 772.2872 x104 | Fax 310 772.0020 | david@adylaw.com
CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** ChangDavid [mailto:davidchangcpa@hotmail.com]
**Sent:** Wednesday, July 17, 2013 1:11 PM
**To:** David Youssefiyah
**Subject:** TODAY'S HEARING

DAVID :

HOW DID TODAY'S HEARING GO?

000297

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.
IRS CIRCULAR 230 DISCLOSURE: To comply with IRS regulations we advise you that any discussion of federal tax issues was neither written nor intended by the sender or Park & Velayos LLP, and cannot be used by any entity or person, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.
Park & Velayos LLP

---

**From:** Daniel Niemann [mailto:DNiemann@niemannproperties.com]
**Sent:** Monday, July 30, 2012 2:20 PM
**To:** Francis Park; David Chang; David Youssefyeh
**Subject:** ADY representation

Guys,

DY and I spoke. We have a deal. He will join the team, ramp up quickly and handle all filings beginning today. His fee agreement will be $250/hour with a 5% contingency.

David, welcome to the Team. We are all hoping for a huge judgment!

Thanks, Dan

000299

Thank you.

Regards,

A. David Youssefyeh

**PLEASE NOTE OUR NEW ADDRESS**

A. David Youssefyeh | Shareholder
A|D|Y LAW GROUP, P.C. | 1925 Century Park East | Suite 1380 | Los Angeles, CA 90067
Phone 310 772.2872 x104 | Fax 310 772.0020 | david@adylaw.com
CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you
have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information
contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** ChangDavid [mailto:davidchangcpa@hotmail.com]
**Sent:** Thursday, June 20, 2013 7:07 AM
**To:** David Youssefiyah
**Subject:** RE: Arkland Amended Complaint

David :

Dan , Francis and I plan to get together either on Friday

or Monday.  We will mail the check for you on Monday.

Since we are putting all of legal expenses, we need to finalize

a deal with other creditors not contributing any funds.

Sorry for the delay.  The issue is non-participation of other creditors

for litigation funding.  However, we will take care of funding.

Thanks.

**From:** david@adylaw.com
**Date:** Thu, 20 Jun 2013 02:52:15 −0700
**Subject:** RE: Arkland Amended Complaint
**To:** davidchangcpa@hotmail.com

David:

I feel that I sound like a broken record, but are we going to have the money issues resolved soon?

Regards,

A. David Youssefyeh

000305

## A. David Youssefyeh

| | |
|---|---|
| **From:** | A. David Youssefyeh |
| **Sent:** | Tuesday, July 31, 2012 12:22 AM |
| **To:** | 'ChangDavid'; 'Afsin' |
| **Subject:** | RE: ADY representation |

Ok.

Regards,

ADY

A. David Youssefyeh  |  Shareholder
A|D|Y LAW GROUP, P.C.  |  1875 Century Park East  |  Suite 1460  |  Los Angeles, CA 90067
Phone 310 772.2872 x104  |  Fax 310 772.0020  |  david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you
have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information
contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** ChangDavid [mailto:davidchangcpa@hotmail.com]
**Sent:** Monday, July 30, 2012 8:33 PM
**To:** Afsin
**Subject:** RE: ADY representation

David :

I got these e-mails after our meeting.

I will discuss the deal structure we discussed we talked this afternoon.

Will get back to you tomorrow.

Thanks.

Subject: RE: ADY representation
Date: Mon, 30 Jul 2012 14:54:02 −0700
From: FPark@parkvelayos.com
To: DNiemann@niemannproperties.com; davidchangcpa@hotmail.com; david@adylaw.com

David, welcome to the team. Will you prepare an engagement letter and send to Tim Yoo?  He is looking for something
from you soon.  Thanks in advance.

Francis Y. Park

**Park & Velayos LLP**
801 South Figueroa Street, Suite 350
Los Angeles, California 90017
(213) 570-8000 telephone
(213) 570-8010 facsimile
(213) 570-8001 direct

000132

000060 1

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.
IRS CIRCULAR 230 DISCLOSURE: To comply with IRS regulations we advise you that any discussion of federal tax issues was neither written nor intended by the sender or Park & Velayos LLP, and cannot be used by any entity or person, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.
Park & Velayos LLP

**From:** Daniel Niemann [mailto:DNiemann@niemannproperties.com]
**Sent:** Monday, July 30, 2012 2:20 PM
**To:** Francis Park; David Chang; David Youssefyeh
**Subject:** ADY representation

Guys,

DY and I spoke. We have a deal. He will join the team, ramp up quickly and handle all filings beginning today. His fee agreement will be $250/hour with a 5% contingency.

David, welcome to the Team. We are all hoping for a huge judgment!

Thanks, Dan

000133

A. David Youssefyeh | Shareholder

A|D|Y LAW GROUP, P.C. | 1875 Century Park East | Suite 1460 | Los Angeles, CA 90067

Phone 310 772.2872 x104 | Fax 310 772.0020 | david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If
you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any
information contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

From: Daniel Niemann [mailto:DNiemann@niemannproperties.com]
Sent: Tuesday, July 31, 2012 2:42 PM
To: Francis Park; David Chang; David Youssefyeh
Subject: DY is on board

Here is the new deal with DY for the Universal Bank, Stuart Whang and 6th & Virgil cases:

$200/hour, payable at $2500/month In Sept/Oct, $3000 Nov-Jan, $5000 thereafter.

Any unpaid balance will be paid if and when we get any settlement/judgment.

DY will receive a 20% contingent fee on the settlement/judgment proceeds, after deducting legal fees, on the first $1 million and a 7%
fee on the balance of the proceeds, again net of legal, although it would seem unlikely that legal fees will exceed $1M.

DY will manage Teresa, whose rate will be $150/hour and work out a sharing arrangement on the contingency. DC will arrange a
similar payment plan with Teresa, now contemplated to be $1000/month throughout the cases.

DY has contacted Tim Yoo and will draft a fee agreement for Francis to review prior to submitting it to Tim.

Thanks, Dan

000194

## A. David Youssefyeh

| | |
|---|---|
| **From:** | A. David Youssefyeh |
| **Sent:** | Tuesday, July 31, 2012 12:22 AM |
| **To:** | 'Francis Park'; 'Daniel Niemann'; 'David Chang' |
| **Subject:** | RE: ADY representation |

I just sent email to Tim about it.

I will be in touch.

Regards,

ADY

A. David Youssefyeh ｜ Shareholder
A|D|Y LAW GROUP, P.C. ｜ 1875 Century Park East ｜ Suite 1460 ｜ Los Angeles, CA  90067
Phone  310 772.2872 x104 ｜ Fax  310 772.0020 ｜ david@adylaw.com

CONFIDENTIAL COMMUNICATION: The information in this e-mail is confidential, privileged, and protected from disclosure. If you
have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information
contained in it to anyone. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Francis Park [mailto:FPark@parkvelayos.com]
**Sent:** Monday, July 30, 2012 2:54 PM
**To:** Daniel Niemann; David Chang; David Youssefyeh
**Subject:** RE: ADY representation

David, welcome to the team. Will you prepare an engagement letter and send to Tim Yoo?  He is looking for something
from you soon.  Thanks in advance.

**Francis Y. Park**

**Park & Velayos LLP**
801 South Figueroa Street, Suite 350
Los Angeles, California 90017
(213) 570-8000 telephone
(213) 570-8010 facsimile
(213) 570-8001 direct

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the
intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly
prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

IRS CIRCULAR 230 DISCLOSURE:  To comply with IRS regulations we advise you that any discussion of federal tax
issues was neither written nor intended by the sender or Park & Velayos LLP, and cannot be used by any entity or
person, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend
to another party any transaction or matter addressed herein.

Park & Velayos LLP

000195

# EXHIBIT E

OCT 1 9 2012

# LITIGATION FUNDING AGREEMENT

This agreement is entered into effective as of August 1, 2012, by and between the following parties:

A. A|D|Y Law Group, P.C. referred to herein as "Special Counsel"; and

B. Park & Velayos, LLP and Daniel Niemann, and Mohammed J. Islam, collectively referred to as "Funding Parties."

The parties enter into this agreement with respect to the following facts:

A. Arkland Investment LLC (:Arkland") is the Plaintiff in an action in the Superior Court of Los Angeles County entitled, "Arkland Investment, LLC v. Sixth and Virgil, LLC, et al.," case number BC 450295 (the "State Court Action"). In that action, Arkland has asserted certain claims against Sixth and Virgil, LLC, Stuart Whang and Universal Bank.

B. Arkland is presently the debtor in a chapter 7 bankruptcy proceeding pending before the United States Bankruptcy Court for the Central District of California, case number 2:12-bk-14433-TD.

C. Arkland's bankruptcy estate does not contain sufficient liquid assets to fund payment of attorney's fees and costs to prosecute Arkland's claims in the State Court Action on an ongoing basis.

D. The Funding Parties have an interest in the successful prosecution of the State Court Action by Arkland and are willing to provide financial resources to pay all, or a portion, of the attorneys' fees and costs for prosecution of Arkland's claims in the State Court Action, as provided in this agreement.

E. The Funding Parties desire to have Special Counsel prosecute Arkland's claims in the State Court Action.

NOW THEREFORE, with reference the foregoing recitals of fact and in consideration of the mutual promises, conditions and covenants set forth below, the parties agree as follows:

1. The Funding Parties agree to advance funds to Special Counsel based on Special Counsel's hourly rates (as specified herein) and for costs incurred in the prosecution of Arkland's claims in the State Court Action on the terms and conditions stated herein.

2. The rate for services by A|D|Y Law Group, P.C. will be $200 per hour.

3. The Funding Parties agree to advance funds to Special Counsel for out-of-pocket expenses, including parking, travel, reporter's fees, transcript fees, motion fees,

mediator's fees, and any other expense reasonably necessary or appropriate in the prosecution of the State Court Action, in the amount actually expended for such costs. The Funding Parties agree to advance funds to Special Counsel for ~~photocopy expense for "in-house" photocopies at the rate of $.10 per page.~~

4. Special counsel will submit monthly statements for its services and expenses, to the Funding Parties. Within 15 days after the date of the invoice, Funding Parties will make a non-recourse loan in the amount of the invoice subject to the provisions of Paragraph 6. Invoices will be sent by e-mail to the addresses specified for notice in this agreement. Any unpaid balance will accrue interest at the rate of ten (10) percent per annum.

5. Special Counsel agrees to provide sufficient detail in the description of its services and expenses so as to comply with all requirements of the Office of the United States Trustee for submission of applications for allowance and payment of professional fees in bankruptcy cases. Funding Parties acknowledge and understand that Arkland's bankruptcy trustee is Special Counsel's client, and Special Counsel may edit or exclude information from the copies of the invoices sent to Funding Parties in order to preserve the attorney-client privilege.

6. Special Counsel acknowledges and agrees that Funding Parties will advance funds to Special Counsel in installments as follows:

> September 15, 2012 - $2,500
> October 15, 2012 - $2,500
> November 15, 2012 - $3,000
> December 15, 2012 - $3,000
> January 15, 2013 - $3,000
> February 15, 2013 and each month thereafter - $5,000 per month ✳

7. Payments to Special Counsel shall be made to "A[D]Y Law Group, P.C. Client Trust Account."

8. Special Counsel agrees to submit timely and complete applications for allowance and payment of its fees and expenses at such time as Arkland's bankruptcy estate has sufficient funds allow payment of those fees and expenses.

9. The Funding Parties agree to accept as reimbursement for all amounts paid to Special Counsel pursuant to this agreement such sums as the Bankruptcy Court may allow in ruling upon the application(s) of Special Counsel for allowance and payment of Special Counsel's hourly fees and expenses.

10. The Funding Parties acknowledge and understand that the engagement agreement between Special Counsel and Arkland's bankruptcy trustee provides for payment of a variable contingent fee based on the total amount of recovery. The Funding Parties agree that they will receive no part of any contingent fee awarded by the Bankruptcy Court and paid to Special Counsel, and that any such fee shall not be used to repay any loan made by Funding Parties to Special Counsel.



✳ MOHAMMED J. ISLAM'S CONTRIBUTIONS SHALL NOT EXCEED $48,000
(_____ EIGHT THOUSAND) DOLLARS IN TOTAL .—

11. Any notice required or permitted to be given pursuant to the terms of this agreement may be sent by electronic mail to the parties at the addresses listed below

| Name | Address |
|------|---------|
| Francis Park | FPark@parkvelayos.com |
| Marcos Velayos | MVelayos@parkvelayos.com |
| Daniel Niemann | DNiemann@niemannproperties.com |
| Mohammed J. Islam | MJISLAM @MODERNPARKING.COM |
| David Youssefyeh | David@adylaw.com |

12. The terms of this agreement are the product of negotiation and the interpretation of its terms shall in no way depend on the identity of the party preparing this document.

13. This agreement shall be construed under California law and any applicable provisions of the Bankruptcy Code.

Intending to be legally bound, the parties have executed this agreement effective as of September 24, 2012.

A[D]Y Law Group, P.C.

By: A. David Youssefyeh, Shareholder
Special Counsel

Park & Velayos, LLP

_____
By: Francis Park

_____
Mohammed J. Islam

Niemann Properties, Inc.

_____
By: Daniel Niemann

11. Any notice required or permitted to be given pursuant to the terms of this agreement may be sent by electronic mail to the parties at the addresses listed below

| Name | Address |
|------|---------|
| Francis Park | FPark@parkvelayos.com |
| Marcos Velayos | MVelayos@parkvelayos.com |
| Daniel Niemann | DNiemann@niemannproperties.com |
| Mohammed J. Islam | |
| David Youssefyeh | David@adylaw.com |

12. The terms of this agreement are the product of negotiation and the interpretation of its terms shall in no way depend on the identity of the party preparing this document.

13. This agreement shall be construed under California law and any applicable provisions of the Bankruptcy Code.

Intending to be legally bound, the parties have executed this agreement effective as of September 11, 2012.

A|D|Y Law Group, P.C.

_____
By; A. David Youssefyeh, Shareholder
Special Counsel

Park & Velayos, LLP

_____
By; Francis Park

_____
Mohammed J. Islam

_____
Daniel Niemann